UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A, AS TRUSTEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN P. PHELAN, WENDY M. PHELAN, ) <br> THE UNITED STATES OF AMERICA, ) <br> O'CALLIGHAN CONSTRUCTION ) <br> COMPANY, AND THE ) <br> COMMONWEALTH OF ) <br> MASSACHUSETTS DEPARTMENT OF ) <br> REVENUE, ) <br> ) <br> Defendants, and ) <br> ) <br> DAVID LA BRIE, ) <br> ) <br> Defendant and Cross-claimant ) | Civil Action No. 4:05-CV-40045-FDS |

**NOTICE OF SERVICE OF ANSWER AND CROSS-CLAIMS OF DEFENDANT AND CROSS-CLAIMAINT DAVID LA BRIE UPON THE UNITED STATES OF AMERICA AND NOTICE OF PRIOR SERVICE OF SAME ON ALL OTHER PARTIES**

Defendant and cross-claimant David La Brie hereby electronically serves (as a separately filed document identified as Ex. A linked to this to this paper) his Answer and Cross-Claims on the United States of America, that answer having been originally filed with the Worchester Superior Court by mailing on February 8, 2005, on that day having been served on all parties by a copy being sent by first-class mail to each party or the party's attorney (as attested to in Ex. B), with two exceptions, namely that his answer was served on defendants Wendy M. Phelan and John P. Phelan by mailing a copy on February 11, 2005 (as attested to in Ex. C), and with the

further exception that the copy sent to the United States of America was mailed solely to the Internal Revenue Service rather than additionally the government's counsel, that error now being rectified.

Date:   May 16, 2005

        Respectfully submitted,

 /S/   William M. Palmer

_____
William M. Palmer, Esq.
BBO # 563 978
50 Congress Street, Ste 500
Boston, Massachusetts 02109
Tel.: (617) 524-7490
Fax.: (617) 523-5194

ATTORNEY FOR DEFENDANT AND
CROSS-CLAIMAINT DAVID LA BRIE

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this document and exhibits A-C were served by first class mail on this 16th day of May on David M. Rosen, Esq.; Harmon Law Offices, P.C.; 150 California Street; Newton, MA; 02458.

 /S/   William M. Palmer                                                 May 16, 2005
_____                          _____
WILLIAM M. PALMER                                                    DATED

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS. | SUPERIOR COURT DEPARTMENT<br>OF THE TRIAL COURT<br>CIVIL ACTION NO. WOCV2005-0197 |

| | |
|---|---|
| **CITIBANK, N.A., AS TRUSTEE,**<br>    **Plaintiff**<br><br>v<br><br>**JOHN P. PHELAN, WENDY M. PHELAN, DAVID LA BRIE, THE UNITED STATES OF AMERICA, O'CALLAGHAN CONSTRUCTION COMPANY AND THE COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE**<br>    **Defendants** | **DEFENDANT, DAVID LA BRIE'S ANSWER AND CROSS-CLAIMS** |

## ANSWER

NOW COMES the Defendant, David La Brie, and answers the Complaint as follows:

### PARTIES

1. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

2. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

3. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

4. Admitted.

5. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

-1-

6. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

7. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

## FACTS

8. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

9. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

10. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

11. Defendant has insufficient information to either admit or deny the allegations contained in this paragraph or in Exhibit A.

12. (A) Defendant states that this paragraph contains multiple allegations. Further, this paragraph asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

    (B) Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

    (C) Admitted.

    (D) Defendant admits to the accuracy of the recording information recited in this paragraph, but as to the factual allegations contained within this paragraph Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

    (E) Defendant admits to the accuracy of the recording information recited in this paragraph, but as to the factual allegations contained within this paragraph Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

    (F)    Defendant admits to the accuracy of the recording information recited in this paragraph, but as to the factual allegations contained within this paragraph Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

## COUNT ONE

13.    Defendant repeats and realleges his answers to Paragraphs one through twelve and incorporates said answers herein by reference.

14.    Defendant states that this paragraph contains a statement of belief and that no response is required. To the extent that a response is required, Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

15.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

16.    Defendant states that this paragraph contains multiple assertions. To the extent an answer is required, Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

## CROSS-CLAIM vs. ALL OTHER DEFENDANTS

1.    Defendant David La Brie (hereinafter "La Brie") avers that he has an equitable interest or lien in the subject foreclosure surplus proceeds pursuant to his Attachment issued by the Worcester District Court on February 20, 2004 and recorded in the Worcester County Registry of Deeds, Book 32882, Page 335, recorded February 23, 2004 (a true copy attached hereto as **Exhibit A**).

2.    La Brie avers that he has an equitable interest or lien in the subject foreclosure surplus proceeds pursuant to his Executions (one against John P. Phelan and one against Wendy M. Phelan) both issued by the Worcester District Court on May 26, 2004 in the amount of $12,907.77 and recorded in the Worcester County Registry of Deeds, Book 33801, Page 77, and at Book 33801, Page 81, respectively, on June 4, 2004 (a true copy of both Executions are attached hereto collectively as **Exhibit B**).

3.    La Brie avers that he is owed no less than $12,907.77 as of June 4, 2004, plus further interests and costs pursuant to the Execution.

4. Upon information and belief, all other equitable interests or liens upon the subject foreclosure surplus proceeds are junior and subordinate to La Brie's equitable interest or lien.

5. La Brie, his equitable interest or lien being superior to any interest or lien of any other Defendant, is therefore entitled to all of the foreclosure surplus proceeds up to the value of his equitable interest or lien, including interest, costs and attorney fees.

WHEREFORE, La Brie prays:

1. That this Honorable Court enter judgment for La Brie and against all other Defendants on this Cross-Claim.

2. That this Honorable award damages to La Brie in the amount this Court deems appropriate, with interest, costs, and attorney fees.

3. That this Honorable Court order said damages to be paid out of the foreclosure surplus proceeds.

4. That this Honorable Court award La Brie such other relief as it deems just and necessary.

    Respectfully submitted
    DAVE LA BRIE
    By his Attorney,


    _____
    Peter M. Mirageas
    BBO #544583
    27 Prospect Street
    Marlborough, MA 01752
    (508) 460-9698

Dated:  February 8, 2005

## CERTIFICATE OF SERVICE

I, Peter M. Mirageas, attorney for defendant, David La Brie, hereby certify that on February 8, 2005, I caused a copy of Defendant, David La Brie's Answer and Cross-Claim to all other Defendants to be served by first class mail, postage prepaid, to the following:

Raymond C. Pelote, Esquire
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458

John P. Phelan
812 West Shore Drive
Winchendon, MA 01430

Wendy M. Phelan
812 West Shore Drive
Winchendon, MA 01430

United States of America
P.O. Box 9112
Stop 20800
JFK Federal Building
Boston, MA 02203

O'Callaghan Construction Company
c/o Edwin H. Howard, Esquire
Bonville & Howard
154 Prichard Street
Fitchburg, MA 01420

Commonwealth of Massachusetts
Department of Revenue
100 Cambridge Street
Boston, MA 02114

Signed under the pains and penalties of perjury this 8th day of February 2005.

_____
Peter M. Mirageas
BBO No. 544583
27 Prospect Street
Marlborough, MA 01752
(508) 460-9698

# CERTIFICATE OF SERVICE

I, Peter M. Mirageas, attorney for defendant, David La Brie, hereby certify that on February 11, 2005, I caused a copy of Defendant, David La Brie's Answer and Cross-Claim to all other Defendants to be served by first class mail, postage prepaid, to the following:

John P. Phelan
812 West Shore Drive
Ashburham, MA 01430

Wendy M. Phelan
812 West Shore Drive
Ashburnham, MA 01430

Signed under the pains and penalties of perjury this 11th day of February 2005.

_____
Peter M. Mirageas
BBO No. 544583
27 Prospect Street
Marlborough, MA 01752
(508) 460-9698