**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CITIBANK, N.A, AS TRUSTEE,　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　Plaintiff,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　v.　　　　　　　　　　　　) | Civil Action No. 4:05-CV-40045-FDS |
| 　　　　　　　　　　　　　　　　) | |
| JOHN P. PHELAN, WENDY M. PHELAN, ) | |
| THE UNITED STATES OF AMERICA,　) | |
| O'CALLIGHAN CONSTRUCTION　　) | |
| COMPANY, AND THE　　　　　　) | |
| COMMONWEALTH OF　　　　　　) | |
| MASSACHUSETTS DEPARTMENT OF　) | |
| REVENUE,　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　Defendants, and　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| DAVID LA BRIE,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| Defendant and Cross-claimant　　) | |

**NOTICE OF SERVICE OF EXHS. A AND B TO ANSWER AND CROSS-CLAIMS OF**

**DEFENDANT AND CROSS-CLAIMAINT DAVID LA BRIE**

**UPON THE UNITED STATES OF AMERICA AND**

**NOTICE OF PRIOR SERVICE OF SAME ON ALL OTHER PARTIES**

Defendant and cross-claimant David La Brie hereby electronically serves (as a separately filed documents identified as Exhs. A and B linked to this to this paper) on the United States of America documents that were Exhs. A and B to his Answer and Cross-Claims, the pleading constituting the answer and cross-claims with its exhibits having been originally filed with the Worchester Superior Court by mailing on February 8, 2005, and on that day having been served on all parties by a true and accurate complete copy being sent by first-class mail to each party or

the party's attorney (as attested to in Ex. B), with two exceptions, namely that true and accurate

complete copies were served on defendants Wendy M. Phelan and John P. Phelan by mailing a

copy on February 11, 2005, and with the further exception that the copy sent to the United States

of America was mailed solely to the Internal Revenue Service rather than additionally to the

government's counsel, that error being partly rectified by electronic service of the answer and

cross-claims on May 16, 2005, and now being fully rectified by additional service of the exhibits

to the answer and cross-claims *instanter*.


Date:   May 30, 2005

                                          Respectfully submitted,

                                           /S/   William M. Palmer
                                          _____
                                          William M. Palmer, Esq.
                                          BBO # 563 978
                                          50 Congress Street, Ste 500
                                          Boston, Massachusetts 02109
                                          Tel.: (617) 524-7490
                                          Fax.: (617) 523-5194

                                          ATTORNEY FOR DEFENDANT AND
                                          CROSS-CLAIMAINT DAVID LA BRIE


CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this document and exhibits A-B to the answer
were served by first class mail on this 30th day of May on David M. Rosen, Esq.; Harmon Law
Offices, P.C.; 150 California Street; Newton, MA; 02458, and on John J. Curley, Esq.; McEvilly
& Curley; 48 West Street; Leominster, MA; 01453.

 /S/   William M. Palmer                              May 30, 2005
_____                              _____
WILLIAM M. PALMER                                    DATED

# EXHIBIT "A"

TO DAVID LABRES

ANSWER & CROSS CLAIMS

Uniform Form DMC-15

*Peter M. Miragias, Esq*
*27 Prospect Street*
*Marlborough, MA*
*01752*

# The Commonwealth of Massachusetts
## Massachusetts Trial Court
### District Court Department

WORCESTER, SS.

CENTRAL WORCESTER DIVISION

DAVE LA BRIE
PLAINTIFF

V.

JOHN P. PHELAN & WENDY M. PHELAN
D/B/A JP FLOORING PLUS
DEFENDANTS

Civil Action No. 0462 CV 323

**WRIT OF ATTACHMENT**
(Rule 4.1)

TRUE COPY ATTEST
_Melissa A. Wagg_
DEPUTY SHERIFF

To the Sheriffs of our several counties or their deputies, or a constable of any City or Town within the Commonwealth:

We command you to attach the goods or estate of defendant JOHN P. PHELAN AND WENDY M. PHELAN,

Of WINCHENDON, WORCESTER COUNTY, MA, to the value of $ 12,000 15,000, the amount authorized,

as prayed for by plaintiff DAVE LA BRIE of LEOMINSTER, WORCESTER CTY, MA

whose attorney is PETER M. MIRAGIAS of MARLBORO, MA

in an action brought by said plaintiff against said defendant in this court, and make due return of this writ with your doings there on.

The complaint in this case was filed on FEB 20, 2004. This attachment was approved on 2-20-04 by _____ (signature of judge), j.,

in the amount of $ 12,000.

WITNESS, LoConto, Paul, Presiding Justice, Worcester, _2-24-04_ (date)

_Thomas J. Noonan_

**THOMAS J. NOONAN  CLERK**

## PROOF OF ATTACHMENT

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100
Worcester, ss

02/23/2004

By virtue of this writ, I this day at 11:56am attached as the property o the within named Defendants JOHN P. PHELAN and WENDY M. PHELAN all their right, title and interest in and to any real estate in WINCHENDON or elsewhere in the County of Worcester. The above is a true copy so much of my return as relates to the attachment of real estate.

ATTEST:

Deputy Sheriff Melissa A Wagg

_Melissa A Wagg_
Deputy Sheriff

Form 15 CMF   Bk: 32882 Pg: 335   Doc: ATT

2004  00028308

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT "B"



Case 4:05-cv-40045-FDS    Document 15-3    Filed 05/30/2005    Page 2 of 5

| **EXECUTION** | DOCKET NUMBER **200462CV000323** | Court of Massachusetts District Court Department  |
|---|---|---|

**CASE NAME** DAVE LA BRIE vs. JOHN P. PHELAN D/B/A J P FLOORING PLUS

**JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED**

P01   DAVE LA BRIE

**CURRENT COURT**
Worcester District Court
50 Harvard Street
Worcester, MA 01608-1198
(508) 757-8350

**JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION**

P01   PETER M. MIRAGEAS
      LAW OFCS OF PETER M MIRAGEAS
      27 PROSPECT STREET
      MARLBORO, MA 01752

**FURTHER ORDERS OF THE COURT**

A TRUE COPY ATTEST

**DEPUTY SHERIFF**

**JUDGMENT DEBTOR  AGAINST WHOM EXECUTION IS ISSUED**

D01   JOHN P. PHELAN D/B/A  J P FLOORING PLUS

      WINCHENDON, MA 01475

2004 00100/38
Bk: 33801 Pg: 77   Doc: EXO
Page: 1 of 4   06/04/2004 03:36 PM

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $12,857.05 |
| 2. Date Judgment Entered | 05/14/2004 |
| 3. Date Execution Issued | 05/26/2004 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 12 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $50.72 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| **9.  EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | **$12,907.77** |

**LEVYING OFFICER:**    (a) Add daily interest from date execution issued.

(b) Add your fees as provided by law:

| TESTE OF FIRST JUSTICE **WITNESS:** Hon. Paul F. LoConto | DATE EXECUTION ISSUED **05/26/2004** | CLERK-MAGISTRATE/ASST. CLERK X |
|---|---|---|

Date/Time Printed:  05/26/2004 02:58 PM

FORM N

Worcester, SS. Worcester                                        **June 4, 2004**

By virtue of an Execution which issued on a Judgment in favor of

**David La Brie**
against **John P. Phelan d/b/a J P Flooring Plus,**
      **812 West Short Drive, Ashburnham MA**
which was rendered on   **May 14, 2004**   said Execution having been placed in my hands for
the purpose of taking lands of said Judgment Debtor  , I have this day levied on and taken all
right, title and interest which the said Judgment Debtor  had not exempt by law from
attachment or levy on Execution on   **February 23, 2204**, the date when same was attached on
mesne process or which he now have in and to a certain parcel of land in said  **Winchendon**
bounded and described as follows:

(see attached for legal description)

The above is a true copy of so much of my return as related to Levy of Real Estate. And I suspend further action at this
time on written request of the Plaintiff's attorney.
Mail to:                                          ATTEST: _Melissa A. Wagg_

    **David N. DiTommaso, Esquire**                          **Melissa A. Wagg**
    **Law Offices of Peter M. Mirageas**                       **Deputy Sheriff**
    **27 Prospect Street**
    **Marlborough MA  01752**

**PARCEL 1:**

A certain parcel of land on the easterly side of West Shore Drive in the Town of Winchendon, Worcester County, Massachusetts, being shown as Lot #813 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendon, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23. Said parcel being further bounded and described as follows:

BEGINNING at a point on said plan where Lot #813 meets Lot #812 and West Shore Drive, and running in a northeasterly direction in a straight line for a distance of sixty (60) feet to a point on said plan; THENCE running in the same general direction as shown on said plan for a further distance of fifty (50) feet. THENCE turning and running in a southeasterly direction for a distance of one hundred forty-five and 70/100 (145.70) feet to a point on said plan. THENCE, running in the same direction one (1) foot, more or less, to a point along the water. THENCE, turning and running along the water in a southwesterly direction a distance of eighty (80) feet, more or less, to a point along the water. THENCE, turning and running in a northwesterly direction a distance of seven (7) feet, more or less, to a point on said plan. THENCE, running in the same direction a further distance of one hundred sixty-four and 85/100 (164.85) feet to the point of beginning.

Containing 15,000 square feet, more or less.

The granted premises are conveyed subject to easements, restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES, INC. dated May 1, 1974, and recorded with Worcester District Registry of Deeds in Book 5513, Page 219.

**PARCEL 2:**

A certain parcel of land on the easterly side of West Shore Drive in the Town of Winchendon, Worcester County, Mass., being shown as Lot #814 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendonn, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23. Said parcel being further bounded and described as follows:

BEGINNING at a point on said plan where Lot #814 meets Lot #813 along West Shore Drive and running in a northeasterly direction for a distance of seventy-six (76) feet. THENCE, running in the same

direction along a curved line having a radius of one hundred fifty (150) feet for a distance of thirty-eight (38) feet. THENCE, turning and running in a southeasterly direction a distance of one hundred sixty-six and 33/100 (166.33) feet to a point on said plan. THENCE, running in the same direction two (2) feet, more or less, to a point along the water. THENCE, turning and running along the water in a southwesterly direction, eighty-five (85) feet, more or less, to a point along the water. THENCE, turning and running in a northwesterly direction a distance of one (1) foot, more or less, to a point on said plan. THENCE, running in the same direction, a distance of one hundred forty-five and 70/100 (145.70) feet to the point of beginning.

Containing 15,000 square feet, more or less.

The granted premises are conveyed subject to easements, restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES, INC. dated May 1, 1974, and recorded with Worcester District Registry of Deeds in Book 5513, Page 223.

**PARCEL 3:**

A certain parcel of land on the Easterly side of West Shore Drive in the Town of Winchendon, Mass., Worcester County, being shown as Lot #812 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendon, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23. Said parcel being further bounded and described as follows:

BEGINNING at a point where Lot #812 meets Lot #813 and West Shore Drive and running on a straight line in a southeasterly direction for a distance of one hundred sixty-four and 85/100 (164.85) feet to a point on said plan. THENCE, running in the same direction seven (7) feet, more or less, to a point along the water. THENCE, running along the water in a westerly direction for a distance of seventy-five (75) feet, more or less, as shown on said plan. THENCE, running northwesterly for a distance of one (1) foot, more or less, to a point on said plan. THENCE, running in the same direction and a further distance of one hundred eighty-seven and 54/100 (187.54) feet to a point along West Shore Drive. THENCE, running northeasterly for a distance of one hundred (100) feet to the point of beginning.

Containing 16,000 square feet, more or less.

The granted premises are conveyed subject to easements, restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES, INC. dated May 1, 1974, and recorded with Worcester District Registry of Deeds in Book 5513, Page 215.

ATTEST: WORC. Anthony J. Vigliotti, Register

| **EXECUTION** | DOCKET NUMBER<br>200462CV000323 | Trial Court of Massachusetts<br>District Court Department |  |
|---|---|---|---|

CASE NAME  DAVE LA BRIE  vs.  JOHN P. PHELAN D/B/A J P FLOORING PLUS

| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br><br>P01   DAVE LA BRIE | CURRENT COURT<br>Worcester District Court<br>50 Harvard Street<br>Worcester, MA 01608-1198<br>(508) 757-8350 |
|---|---|
| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br><br>P01   PETER M. MIRAGEAS<br>LAW OFCS OF PETER M MIRAGEAS<br>27 PROSPECT STREET<br>MARLBORO, MA 01752 | FURTHER ORDERS OF THE COURT |

JUDGMENT DEBTOR  AGAINST WHOM EXECUTION IS ISSUED

D02  WENDY M. PHELAN D/B/A  J P FLOORING PLUS
812 WEST SHORE DR.
WINCHENDON, MA 01475



Bk: 33801 Pg: 81    Doc: EXC
Page: 1 of 4    09/04/2004 03:36 PM

A TRUE COPY ATTEST

*Melissa A. Stagg*

**DEPUTY SHERIFF**

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $12,857.05 |
| 2. Date Judgment Entered | 05/14/2004 |
| 3. Date Execution Issued | 05/26/2004 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 12 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $50.72 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| **9.  EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $12,907.77 |

| LEVYING OFFICER:   (a) Add daily interest from date execution issued. | |
|---|---|
| (b) Add your fees as provided by law: | |

| TESTE OF FIRST JUSTICE<br><br>WITNESS:   Hon. Paul F. LoConto | DATE EXECUTION ISSUED<br><br>05/26/2004 | CLERK-MAGISTRATE/ASST. CLERK<br><br>x *Michael Thomson* |
|---|---|---|

Worcester, SS.  Worcester                     June 4, 2005

By virtue of an Execution which issued on a Judgment in favor of

**Dave La Brie**
against **Wendy M. Phelan d/b/a J P Flooring Plus,**
        **812 West Shore Drive, Ashburnham MA**
which was rendered on **May 14, 2004**   said Execution having been placed in my hands for
the purpose of taking lands of said Judgment Debtor , I have this day levied on and taken all
right, title and interest which the said Judgment Debtor  had not exempt by law from
attachment or levy on Execution on  **February 23, 2004**, the date when same was attached on
mesne process or which he now have in and to a certain parcel of land in said  **Winchendon**
bounded and described as follows:

**(see attached for legal description)**

The above is a true copy of so much of my return as related to Levy of Real Estate.  And I suspend further action at this
time on written request of the Plaintiff's attorney.
Mail to:                                        ATTEST _Melissa A. Wagg_
        **David N. DiTommaso, Esquire**                       **Melissa A. Wagg**
        **Law Offices of Peter M. Mirageas**                  **Deputy Sheriff**
        **27 Prospect Street**
        **Marlborough  MA  01752**

**PARCEL 1:**

A certain parcel of land on the easterly side of West Shore Drive in the Town of Winchendon, Worcester County, Massachusetts, being shown as Lot #813 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendon, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23.  Said parcel being further bounded and described as follows:

BEGINNING at a point on said plan where Lot #813 meets Lot #812 and West Shore Drive, and running in a northeasterly direction in a straight line for a distance of sixty (60) feet to a point on said plan; THENCE running in the same general direction as shown on said plan for a further distance of fifty (50) feet.  THENCE turning and running in a southeasterly direction for a distance of one hundred forty-five and 70/100 (145.70) feet to a point on said plan. THENCE, running in the same direction one (1) foot, more or less, to a point along the water.  THENCE, turning and running along the water in a southwesterly direction a distance of eighty (80) feet, more or less, to a point along the water.  THENCE, turning and running in a northwesterly direction a distance of seven (7) feet, more or less, to a point on said plan.  THENCE, running in the same direction a further distance of one hundred sixty-four and 85/100 (164.85) feet to the point of beginning.

Containing 15,000 square feet, more or less.

The granted premises are conveyed subject to easements, restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES, INC. dated May 1, 1974, and recorded with Worcester District Registry of Deeds in Book 5513, Page 219.

**PARCEL 2:**

A certain parcel of land on the easterly side of West Shore Drive in the Town of Winchendon, Worcester County, Mass., being shown as Lot #814 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendonn, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23.  Said parcel being further bounded and described as follows:

BEGINNING at a point on said plan where Lot #814 meets Lot #813 along West Shore Drive and running in a northeasterly direction for a distance of seventy-six (76) feet.  THENCE, running in the same

direction along a curved line having a radius of one hundred fifty (150) feet for a distance of thirty-eight (38) feet. THENCE, turning and running in a southeasterly direction a distance of one hundred sixty-six and 33/100 (166.33) feet to a point on said plan. THENCE, running in the same direction two (2) feet, more or less, to a point along the water. THENCE, turning and running along the water in a southwesterly direction, eighty-five (85) feet, more or less, to a point along the water. THENCE, turning and running in a northwesterly direction a distance of one (1) foot, more or less, to a point on said plan. THENCE, running in the same direction, a distance of one hundred forty-five and 70/100 (145.70) feet to the point of beginning.

Containing 15,000 square feet, more or less.

The granted premises are conveyed subject to easements, restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES, INC. dated May 1, 1974, and recorded with Worcester District Registry of Deeds in Book 5513, Page 223.

**PARCEL 31**

A certain parcel of land on the Easterly side of West Shore Drive in the Town of Winchendon, Mass., Worcester County, being shown as Lot #812 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendonn, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23. Said parcel being further bounded and described as follows:

BEGINNING at a point where Lot #812 meets Lot #813 and West Shore Drive and running on a straight line in a southeasterly direction for a distance of one hundred sixty-four and 85/100 (164.85) feet to a point on said plan. THENCE, running in the same direction seven (7) feet, more or less, to a point along the water. THENCE, running along the water in a westerly direction for a distance of seventy-five (75) feet, more or less, as shown on said plan. THENCE, running northwesterly for a distance of one (1) foot, more or less, to a point on said plan. THENCE, running in the same direction and a further distance of one hundred eighty-seven and 54/100 (187.54) feet to a point along West Shore Drive. THENCE, running northeasterly for a distance of one hundred (100) feet to the point of beginning.

Containing 16,000 square feet, more or less.

The granted premises are conveyed subject to easements, restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES, INC. dated May 1, 1974, and recorded with Worcester District Registry of Deeds in Book 5513, Page 215.

WORC Anthony I Maliotti Register