UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A, AS TRUSTEE,        )<br>                                   )<br>    Plaintiff,                     )<br>                                   )<br>    v.                             )<br>                                   )<br>JOHN P. PHELAN, WENDY M. PHELAN,   )<br>THE UNITED STATES OF AMERICA,      )<br>O'CALLAGHAN CONSTRUCTION           )<br>COMPANY, AND THE                   )<br>COMMONWEALTH OF                    )<br>MASSACHUSETTS' DEPARTMENT OF       )<br>REVENUE                            )<br>                                   )<br>    Defendants, and                )<br>                                   )<br>DAVID LA BRIE,                     )<br>                                   )<br>Defendant and Cross-claimant       )  | Civil Action No. 4:05-CV-40045-FDS |

## CROSS-CLAIMANT DAVID LA BRIE'S MOTION FOR ENTRY OF DEFAULT JUDGMENTS AGAINST CROSS-CLAIM DEFENDNATS WENDY M. PHELAN AND O'CALLAGHAN CONSTRUCTION COMPANY

Now comes the Cross-claimant, David La Brie, pursuant to Rule 55 (b) of the Federal Rules of Civil Procedure, and hereby applies to the Court for entry of default judgments against the cross-claim Defendants Wendy M. Phelan and O'Callaghan Construction Company, for their failures to plead or otherwise defend against his cross-claim, the entry of their defaults having been made by the Court on July 6, 2005.

Mr. La Brie's cross-claim, in principal part, was that his equitable interest or lien was superior to any interest and lien of any other Defendant, and therefore that he was entitled to all of the foreclosure surplus proceeds up to the value of his equitable interest or lien, including interest, costs and attorneys fees. Mr. La Brie's interest was stated as being no less than $12,907.77, as of June 4, 2004, plus further interests and costs pursuant to the execution. That interest amounts to the sum of $15,411.63 as of today, that sum being further increased by $4.22 per day. Therefore, as to both of the cross-claim Defendants against which default judgments are now sought, Mr. La Brie requests that the Court enter a default judgment to the effect that their interest in the foreclosure surplus proceeds is inferior to that of Mr. La Brie's with respect to whatever sum his interest amounts to at the time of disbursal of the funds as calculated based on his execution of June 4, 2004.

Mr. La Brie does not seek a default judgment against John P. Phelan, as a default judgment has already been entered against him to the effect that he has no interest in the foreclosure surplus funds. Mr. La Brie is not presently seeking a default judgment against the Massachusetts's Department of Revenue, as, based on conversations with its attorney, he expects it in the near term to file a disclaimer of interest in the funds and a stipulation to the dismissal of it as a party to the case.

Mr. La Brie intends to seek a judgment awarding the sum of surplus foreclosure funds to him that meets the sum due to him under his execution after he establishes by separate filing that his interest is superior to that of the United States.

Respectfully submitted,

/s/ William M. Palmer
_____
William M. Palmer, Esq.
BBO # 563 978
50 Congress Street, Ste 500
Boston, Massachusetts 02109
Tel.: (617) 524-7490
Fax.: (617) 523-5194

ATTORNEY FOR DEFENDANT AND
CROSS-CLAIMANT DAVID LA BRIE

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this document, as well as the related affidavit of William M. Palmer, Esq., and the proposed order of default judgments were all served by first-class mail on this 20th day of July on David M. Rosen, Esq.; Harmon Law Offices, P.C.; 150 California Street; Newton, MA; 02458, and John J. Curley, Esq.; McEvilly & Curley; 48 West Street; Leominster, MA; 01453.

/s/ William M. Palmer                                    July 20, 2005
_____                    _____
WILLIAM M. PALMER                                    DATED


# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A, AS TRUSTEE,         )<br>                                                          )<br>     Plaintiff,                                    )<br>                                                          )<br>     v.                                             )<br>                                                          )<br>JOHN P. PHELAN, WENDY M. PHELAN,  )<br>THE UNITED STATES OF AMERICA,      )<br>O'CALLAGHAN CONSTRUCTION          )<br>COMPANY, AND THE                          )<br>COMMONWEALTH OF                          )<br>MASSACHUSETTS' DEPARTMENT OF   )<br>REVENUE                                            )<br>                                                          )<br>     Defendants, and                         )<br>                                                          )<br>DAVID LA BRIE,                                 )<br>                                                          )<br>Defendant and Cross-claimant            )  | Civil Action No. 4:05-CV-40045-FDS |

## DEFAULT JUDGMENT

Now, upon application of Cross-claimant David La Brie and an affidavit demonstrating that Cross-claim Defendants Wendy M. Phelan and O'Callaghan Construction Company were properly served with the cross-claim and have failed to file a timely answer, and that the Cross-claim Defendants Wendy M. Phelan and O'Callaghan Construction Company were not infants or incompetent persons or in the military service of the United States, and their defaults as to the cross-claim having been entered, it is hereby:

## ORDERED, ADJUDGED AND DECREED

That the Cross-claimant's Motion for Entry of Default Judgments against Cross-Claim Defendants Wendy M. Phelan and O'Callaghan Construction Company shall be granted; and Defendants Wendy M. Phelan and O'Callaghan Construction Company's interest in the surplus

foreclosure funds shall be deemed inferior to that of Defendant David La Brie's interest as that interest is constituted by whatever monetary sum his interest amounts to at the time of disbursal of the funds in this case.

SO ORDERED:                                         ENTERED:

_____                      _____
Saylor, D.J.                                        Clerk

Respectfully submitted,

/s/ William M. Palmer

_____
William M. Palmer, Esq.
BBO # 563 978
50 Congress Street, Ste 500
Boston, Massachusetts 02109
Tel.: (617) 524-7490
Fax.: (617) 523-5194

ATTORNEY FOR DEFENDANT AND
CROSS-CLAIMANT DAVID LA BRIE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIBANK, N.A, AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN P. PHELAN, WENDY M. PHELAN,<br>THE UNITED STATES OF AMERICA,<br>O'CALLAGHAN CONSTRUCTION<br>COMPANY, AND THE<br>COMMONWEALTH OF<br>MASSACHUSETTS' DEPARTMENT OF<br>REVENUE<br><br>Defendants, and<br><br>DAVID LA BRIE,<br><br>Defendant and Cross-claimant | Civil Action No. 4:05-CV-40045-FDS |

### Affidavit of William M. Palmer

I, William M. Palmer, do hereby depose and say under oath that:

1. I am counsel for Defendant and Cross-claimant David La Brie in the above captioned matter and have personal knowledge of the facts set forth in the Affidavit;

2. The Cross-claimant herein filed his <u>Answer and Cross Claims</u> by mail on February 8, 2005;

3. Cross-claim Defendant Wendy M. Phelan was served with a copy of the cross-claim by mail on February 8, 2005;

4. Cross-claim Defendant O'Callaghan Construction Company was served with a copy of the cross-claim by mail on February 8, 2005;

5. A certificate of service was filed with the Court by mail on February 8, 2005;

6. More than twenty (20) days have passed since service of the cross-claims on cross-claim Defendants Wendy M. Phelan and O'Callaghan Construction Company and no answer or

other responsive pleading has been received within the time limit fixed by the Federal Rules of Civil Procedure Rule 12(a);

7. On July 6, 2005, the Clerk of the Court entered an order granting Cross-claimant's Request for Entry of Defaults against cross-claim Defendants Wendy M. Phelan and O'Callaghan Construction Company,;

8. To the best of the affiant's knowledge, information and belief, cross-claim Defendants Wendy M. Phelan and O'Callaghan Construction Company are not in the military as required by 50 U.S.C. app. 520, nor are the cross-claim Defendants infants or incompetent persons; and

9. This affidavit is executed by affiant in accordance with Rule 55(b) of the Federal Rules of Civil Procedure for the purpose of enabling the Cross-claimant to obtain entries of default judgment against cross-claim Defendants Wendy M. Phelan and O'Callaghan Construction Company for failure to plead or otherwise defend against Cross-claimant's complaint.

10. The cross-claim claims that Mr. La Brie has an equitable interest superior to that of the cross-claim Defendants Wendy M. Phelan and O'Callaghan Construction Company in the sum of $15,411.63 as of this day plus $4.22 each additional day until that interest is satisfied.

Signed under penalties of perjury on this 20th day of July 20, 2005

*/s/ William M. Palmer*

William M. Palmer, Esq.
BBO # 563 978
50 Congress Street, Ste 500
Boston, Massachusetts 02109
Tel.: (617) 524-7490
Fax.: (617) 523-5194

ATTORNEY FOR DEFENDANT AND
CROSS-CLAIMANT DAVID LA BRIE

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS.

On this twentieth day of July 2005, before me, the undersigned Notary Public, personally appeared William M. Palmer, Esq., proved to me through satisfactory evidence of identification, which was his United States passport, to be the person whose name is signed on the preceding or attached document and acknowledged to me that he signed it voluntarily for its stated purpose, as attorney-in-fact for David La Brie, a cross-claimant and defendant in the above-titled action.

_____
Notary Public

ARNOLD S. SOLOD
Notary Public
Commonwealth of Massachusetts
My Commission Expires
October 2, 2009

3