MAS-20040305
marchand

Case 4:05-cv-40045-FDS    Document 28    Filed 08/15/2005    Page 1 of 22

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

08/11/2005
02:09 PM

# WOCV2005-00197
## Citibank NA Trustee v Phelan et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 02/03/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 03/16/2005 | **Session** | B - Civil B (18 Worcester) | | |
| **Origin** | 1 | **Case Type** | E99 - Miscellaneous | | |
| **Lead Case** | | **Track** | X | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/04/2005 | **Answer** | 07/03/2005 | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | 08/02/2005 | **Disposition** | 09/01/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Citibank NA Trustee
Winchendon, MA 01475
Active 02/03/2005

**Private Counsel 655475**
Raymond C Pelote
Harmon Law Offices (Mark P)
150 California Street
PO Box 610389
Newton, MA 02458-0389
Phone: 617-558-0500
Fax: 617-244-7304
Active 02/03/2005 Notify

**Private Counsel 552866**
David M Rosen
Harmon Law Offices (Mark P)
PO Box 610389
150 California Street
Newton Highlands, MA 02461-0389
Phone: 617-558-0500
Fax: 617-244-7304
Active 02/03/2005 Notify

**Defendant**
John P Phelan
812 W ShoreDrive
Ashburnham, MA 01430
Service pending 02/03/2005

**Defendant**
Wendy W Phelan
c/o Attorney John J Curley III
West Street Suite 1
Leominster, MA 01453
Served: 02/15/2005
Answered: 02/28/2005
Answered 02/28/2005

**Private Counsel 109140**
John J Curley III
McEvilly & Curley
48 West Street
Suite 1
Leominster, MA 01453
Phone: 978-534-3556
Fax: 978-534-5119
Active 02/28/2005 Notify

MAS-20040305
marchand

Case 4:05-cv-40045-FDS   Document 28   Filed 08/15/2005   Page 2 of 22

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

08/11/2005
02:09 PM

## WOCV2005-00197
### Citibank NA Trustee v Phelan et al

**Defendant**
David  LaBrie
c/o Peter M Mirageas
27 Prospect Street
Marlborough, MA 01752
Answered: 02/09/2005
Answered 02/09/2005

**Private Counsel 544583**
Peter M Mirageas
27 Prospect Street
Marlboro, MA 01752
Phone: 508-460-9698
Fax: 508-460-0637
Active 02/17/2005 Notify

**Defendant**
United States of America
PO Box 9112 Stop 20800
JFK Federal Builing
Boston, MA 02203
Service pending 02/03/2005

**Defendant**
O'Callaghan Construction Company
c/o Attorney Edwin H Howard Bon
154 Prichard Street
Fitchburg, MA 01420
Service pending 02/03/2005

**Defendant**
Comm of  Mass Department of Revenue
100 Cambridge Street
Boston, MA 02114
Service pending 02/03/2005

**Private Counsel 435260**
Eileen Ryan McAuliffe
Mass Revenue Dept
PO Box 9565
100 Cambridge Street
Boston, MA 02114-9565
Phone: 617-626-3217
Fax: 617-626-3245
Active 02/22/2005 Notify

**Other interested party**
United States of America
Active 08/11/2005

**Out-of-state attorney**
Lydia Bottome  Turanchik
US Dept. of Justice
Ben Franklin Station  PO Box  55
Washington, DC 20044
Active 08/11/2005 Notify

**Commonwealth of Massachusetts**
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

## WOCV2005-00197
## Citibank NA Trustee v Phelan et al

| Date | Paper | Text |
|------|-------|------|
| 02/03/2005 | 1.0 | Complaint in interpleader (Mortgage Foreclosure Surplus Proceeds) & civil action cover sheet filed |
| 02/03/2005 | | Origin 1, Type E99, Track X. |
| 02/03/2005 | | Filing fee paid in the amount of $240.00 including $15.00 surcharge and $20.00 security fee.($275.00) |
| 02/09/2005 | 2.0 | ANSWER and CROSS-CLAIMS of David LaBrie(Defendant) |
| 02/15/2005 | 3.0 | Certificate of acceptance of service for  Wendy W Phelan  by Attorney John J. Curley, III. |
| 02/15/2005 | 4.0 | Certificate of service of Peter M Mirageas re: accepteance of service for David LaBrie |
| 02/15/2005 | | Atty Eileen Ryan McAuliffe's notice of appearance for Comm of Mass Department of Revenue |
| 02/23/2005 | 6.0 | SERVICE RETURNED (summons): Acceptance of Service for O'Callaghan Construction Company, by Attorney Edwin H Howard of Bonville & Howard on February 09, 2005 |
| 02/28/2005 | 7.0 | ANSWER: Wendy W Phelan(Defendant) |
| 03/16/2005 | 8.0 | Deft. United States notice of Removal  to US District Court of Massachusetts & certificate of service |

**EVENTS**

A true copy by photostatic process
Attest:
Asst. Clerk

MAR 16 2005

ATTEST:

CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CITIBANK, N.A., AS TRUSTEE,                )
                                           )
                    Plaintiff,             )    **COPY**    Civil No. _____
                                           )
        v.                                 )
                                           )    **05-40045 FDS**
JOHN P. PHELAN, WENDY M. PHELAN,           )
DAVID LABRIE, THE UNITED STATES            )    05 - 197B
OF AMERICA, O'CALLAGHAN                     )
CONSTRUCTION CO., and THE                  )
COMMONWEALTH OF MASSACHUSETTS              )
DEPARTMENT OF REVENUE,                     )
                                           )
                    Defendants.            )


NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

The defendant United States of America, by its attorney, Michael J. Sullivan, United

States Attorney for the District of Massachusetts, respectfully states as follows:

        1. The United States of America has been named as a defendant to the civil action that is

now pending in the Superior Court Department, Worcester County, for the Commonwealth of

Massachusetts, entitled <u>Citibank, N.A., as Trustee v. John Phelan, et al.</u>, Case No. 05-0197-B.

        2. This action is removable to the United States District Court for the District of

Massachusetts, pursuant to 28 U.S.C. § § 1441, 1442 and/or 1444.

        3. No prior removal of this action has been attempted.

        4. The removal of this action is timely under the provisions of 28 U.S.C. §1446(b) as the

United States has thirty days from the date of service to remove to federal court.

- 2 -

5.  Copies of all pleadings received by the defendant United States in this proceeding are

attached hereto.

Respectfully submitted,

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

    March 11, 2005

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

BARBARA HEALY SMITH
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210

LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

RECEIVED
Superior Court
U.S. ATTORNEY
Department of the Trial Court.
05 FEB 10   AM 8:39
of the Commonwealth
Civil Action

No.   05-0197

)
)
)
CitiBank, N.A. as Trustee            Plaintiff (s)   )
)   **SUMMONS**
v.   )
)
)
John P. Phelan, Wendy M. Phelan, David   Defendant (s)   )
LaBrie, The United States of America,
O'Callaghan Construction Co. and the Commonwealth of MA DOR

* To the above-named Defendant: The United States of America

You are hereby summoned and required to serve upon Raymond C. Pelote, Harmon Law P.C.
.................................................................................. plaintiff's attorney,
whose address is 150 California Street, Newton, MA 02458 ......................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO. Esquire, at Worcester, the fourth ............
day of ........February...................................in the year of our Lord two thousand and five
......................... .

*Francis A. Ford*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
  if you claim to have a defense, either you or your attorney must serve a copy of your written
  answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
  Court, Room 21.

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

### CIVIL DOCKET# WOCV2005-00197-B

RE:   **Citibank NA Trustee v Phelan et al**

TO:David M Rosen, Esquire
  Harmon Law Offices (Mark P)
  150 California Street
  PO Box 610389
  Newton Highlands, MA 02461-0389

## TRACKING ORDER - X TRACK

You are hereby notified that this case is on the accelerated (X) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/04/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/03/2005 |
| Firm trial date set | 08/02/2005 |
| Case disposed | 09/01/2005 |

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session B sitting in Rm 18 (Session B) at Worcester Superior Court.

Dated: 02/03/2005

Francis A. Ford
Clerk of the Courts

BY: Denise D. Foley/Gail Dempsey
Assistant Clerk

Location: Rm 18 (Session B)
Telephone: 508-770-1899, Ext. 129 or Ext. 108 (Session Clerk)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET# **WOCV2005-00197-B**

RE:    **Citibank NA Trustee v Phelan et al**

TO:Raymond C Pelote, Esquire
Harmon Law Offices (Mark P)
150 California Street
PO Box 610389
Newton, MA 02458-0389

## TRACKING ORDER - X TRACK

You are hereby notified that this case is on the **accelerated (X) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 05/04/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/03/2005 |
| Firm trial date set | 08/02/2005 |
| Case disposed | 09/01/2005 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session B sitting in Rm 18 (Session B) at Worcester Superior Court.

Dated: 02/03/2005

Francis A. Ford
Clerk of the Courts

BY: Denise D. Foley/Gail Dempsey
Assistant Clerk

Location: Rm 18 (Session B)
Telephone: 508-770-1899, Ext. 129 or Ext. 108 (Session Clerk)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic
cvdtrack 2.wpd 1075497 initdoc01 moroorir

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

**PLAINTIFF(S)**

Citibank, N.A., as Trustee

**DEFENDANT(S)** John P. Phelan, Wendy M. Phelan, David La Brie, The United States of America, O'Callaghan Construction Company and the Commonwealth of Massachusetts Department of Revenue

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Raymond C. Pelote, Harmon Law Offices, P.C.
150 California St., Newton, MA 02458 (617) 558-0500

Board of Bar Overseers number 655475

**ATTORNEY** (if known)

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?

E99   Interpleader
( X )   ( ) Yes   ( x ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................... $ ...........
  2. Total Doctor expenses .................................................... $ ...........
  3. Total chiropractic expenses .................................................... $ ...........
  4. Total physical therapy expenses .................................................... $ ...........
  5. Total other expenses (describe) .................................................... $ ...........
                                                                      Subtotal $ ...........
B. Documented lost wages and compensation to date .................................... $ ...........
C. Documented property damages to date .................................................... $ ...........
D. Reasonably anticipated future medical and hospital expenses ........................ $ ...........
E. Reasonably anticipated lost wages .................................................... $ ...........
F. Other documented items of damages (describe)

                                                                      $ ...........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                      $ ...........
                                                        TOTAL $ 20,389.50 ....

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Plaintiff is holding surplus funds that it would like to pay into Court. Plaintiff further requests that it be discharged from any further obligation involving this matter.

                                                        TOTAL $ 20,389.50 .....

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 1/27/05

AOTC-6 mtc005-11/99
A O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

CITIBANK, N.A. AS TRUSTEE,

       Plaintiff,

    v.

JOHN P. PHELAN, WENDY M. PHELAN,
DAVID LA BRIE, THE UNITED STATES OF
AMERICA, O'CALLAGHAN
CONSTRUCTION COMPANY AND THE
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE,

       Defendants.

### COMPLAINT IN INTERPLEADER
(Mortgage Foreclosure Surplus Proceeds)

### INTRODUCTION

This action is being brought after a foreclosure sale on a property 812 W. Shore

Drive, Winchendon, MA 01475. Citibank, N.A., as Trustee, the foreclosing

mortgagee, is currently holding surplus funds that it would like to pay into Court.

Citibank, N.A., as Trustee further requests that it be discharged from any further

obligation involving this matter.

In the above action, Citibank, N.A., as Trustee respectfully represents:

### PARTIES

1.    The Plaintiff, Citibank, N.A., as Trustee, (hereinafter referred to as "Citibank") is

    a corporation having its usual place of business c/o Chase Manhattan Mortgage

    Corporation, 10790 Rancho Bernardo Road, San Diego, CA 92127.

2. The Defendant, John P. Phelan, is upon information and belief, an individual with a last known address of 812 W Shore Drive, Ashburnham, MA 01430.

3. The Defendant, Wendy M. Phelan, is upon information and belief, an individual c/o Attorney John J. Curley, III, McEvilly & Curley, 48 West Street, Suite 1, Leominster, MA 01453.

4. The Defendant, David La Brie, is upon information and belief, an individual c/o Attorney Peter M. Mirageas, 27 Prospect Street, Marlboro, MA 01752.

5. The Defendant, The Unites States of America, is upon information and belief, a federal agency with a usual business address of P.O. Box 9112, Stop 20800, JFK Federal Building, Boston, MA 02203.

6. The Defendant, O'Callaghan Construction Company, is upon information and belief, a company c/o Attorney Edwin H. Howard, Bonville & Howard, 154 Prichard Street, Fitchburg, MA 01420.

7. The Defendant, The Commonwealth of Massachusetts Department of Revenue, is upon information and belief, a state agency with a usual business address of 100 Cambridge Street, Boston, MA 02114.

### FACTS

8. The Plaintiff, Citibank, was the holder by assignment of a first mortgage given by John P. Phelan and Wendy M. Phelan to Chase Manhattan Bank USA, N.A., dated April 11. 2003 and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 29719 at Page 50, securing the real estate located at 812 W. Shore Drive, Winchendon, MA 01475 ("the property").

9. On October 22, 2004, Citibank foreclosed on the mortgaged property by public auction.

10. The mortgaged property was sold to a third party for $270,000.00.

11. After satisfaction of the indebtedness to the Plaintiff, including costs of foreclosure and sale, accrued interest and late charges in the aggregate sum of $249,610.50, there is surplus now held by the Plaintiff in the amount of $20,389.50. See Exhibit "A" attached hereto.

12. The following persons and entities appear of record to be all of the persons or entities having an interest in said funds held by Citibank, to wit:

    (a) The Defendant, John P. Phelan, is the former holder of the equity of redemption and holder of a declaration of homestead.

    (b) The Defendant, Wendy M. Phelan, is the former holder of the equity of redemption.

    (c) The Defendant, David La Brie, is the holder of an Execution dated May 26, 2004 and recorded June 4, 2004 in the Worcester County Registry of Deeds in Book 33801 at Page 77 in the original amount of $12,907.77.

    (d) The Defendant, The United States of America, is the holder of a federal tax lien dated August 12, 2004 and recorded August 18, 2004 in the Worcester County Registry of Deeds in Book 34400 at Page 307 in the original amount of $56,978.09.

    (e) The Defendant, O'Callaghan Construction Company, is the holder of an Execution dated August 16, 2004 and recorded August 20,

2004 in the Worcester County Registry of Deeds in Book 34426 at Page 281 in the original amount of $8,726.84.

(f)    The Defendant, The Massachusetts Department of Revenue, is the holder of a state tax lien dated October 4, 2004 and recorded October 5, 2004 in the Worcester County Registry of Deeds in Book 34774 at Page 366 in the original amount of $13,652.77.

## COUNT ONE

### (DECLARATORY JUDGMENT)

13.    Citibank repeats and alleges Paragraph 1 through 12 and incorporates herein by reference.

14.    Citibank believes that it runs a risk that adverse claims to the surplus proceeds may be made by Defendants in this action.

15.    Citibank is unaware of the respective rights of the Defendants and is unable to determine to whom the funds are justly due and payable.

16.    Citibank's only claim in interest in the surplus proceeds is to have the costs and expenses that are associated with this action paid from the surplus proceeds. Citibank has at all times been willing to pay the surplus to such entities or persons as should lawfully be entitled to received the same and to whom Citibank could safely and without hazard to itself pay the same and Citibank hereby offers to transfer the surplus to this Court at such time and under such conditions as the Court may Order and Direct.

**WHEREFORE**, the Plaintiff, Citibank, N.A., as Trustee, prays that:

4

1.  The said Defendants be ordered to appear and present their claims, if any, to the surplus funds;

2.  That the Plaintiff be allowed its costs, expenses and attorney's fees in this Interpleader Action;

3.  That the Plaintiff be permitted to pay all surplus funds held by it in the amount of $20,389.50, less its fees and costs incurred in this Interpleader Action, into this Court;

4.  That the rights of the Defendants herein named be determined by this Court as to the surplus funds paid into the Court;

5.  That this action be discontinued and dismissed as to the Plaintiff, it being merely a stakeholder and having no interest in said funds; and

6.  For such other and further relief as this Court deems just and proper.

CITIBANK, N.A., AS TRUSTEE,
By Its Attorneys

Raymond C. Pelote
BBO#: 655475
David M. Rosen
BBO#: 552866
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
MAILING ADDRESS:
P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

January 27, 2005

5

## EXHIBIT "A"

SUCCESSFUL BID:                    $ 270,000.00

PAYMENT TO PRINCIPAL:          $ 249,610.50


SURPLUS FUNDS:                     $ 20,389.50

A true copy by photostatic process
Attest:
Asst. Clerk

I hereby certify on 3/11/05 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☒ original filed in my office on 3/11/05
     Sarah A. Thornton
     Clerk, U.S. District Court
     District of Massachusetts
By: _Kathleen Hassett_
Deputy Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-0197B | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|

**PLAINTIFF(S)**

Citibank, N.A., as Trustee

**DEFENDANT(S)** John P. Phelan, Wendy M. Phelan, David La Brie, The United States of America, O'Callaghan Construction Company and the Commonwealth of Massachusetts Department of Revenue

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Raymond C. Pelote, Harmon Law Offices, P.C.
150 California St., Newton, MA 02458 (617) 558-0500

**Board of Bar Overseers number:** 655475

**ATTORNEY (If known)**

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E99 | Interpleader | ( X ) | ( ) Yes ( X ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
　1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
　2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
　3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
　4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
　5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Subtotal $. . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . $. . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
F. Other documented items of damages (describe)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$. . . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)


　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$. . . . . . . . . . . . .
　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL $ 20,389.50 . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Plaintiff is holding surplus funds that it would like to pay into Court. Plaintiff further requests that it be discharged from any further obligation involving this matter.

　　　　　　　　　　　　　　　　　　　　　　　TOTAL $ 20,389.50 . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record 　　　　　　　　　　　　　DATE: 1/27/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, SS.**
               **SUPERIOR COURT DEPARTMENT**
               **OF THE TRIAL COURT**
               **CIVIL ACTION NO.** 05-0197

---

**CITIBANK, N.A. AS TRUSTEE,**

      **Plaintiff,**

    **v.**

**JOHN P. PHELAN, WENDY M. PHELAN,
DAVID LA BRIE, THE UNITED STATES OF
AMERICA, O'CALLAGHAN
CONSTRUCTION COMPANY AND THE
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE,**

      **Defendants.**

---



**FILED**
ATTEST: FEB 03 2005
CLERK

### COMPLAINT IN INTERPLEADER
#### (Mortgage Foreclosure Surplus Proceeds)

### INTRODUCTION

This action is being brought after a foreclosure sale on a property 812 W. Shore

Drive, Winchendon, MA 01475. Citibank, N.A., as Trustee, the foreclosing

mortgagee, is currently holding surplus funds that it would like to pay into Court.

Citibank, N.A., as Trustee further requests that it be discharged from any further

obligation involving this matter.

In the above action, Citibank, N.A., as Trustee respectfully represents:

### PARTIES

1.    The Plaintiff, Citibank, N.A., as Trustee, (hereinafter referred to as "Citibank") is

a corporation having its usual place of business c/o Chase Manhattan Mortgage

Corporation, 10790 Rancho Bernardo Road, San Diego, CA 92127.

2.    The Defendant, John P. Phelan, is upon information and belief, an individual with a last known address of 812 W Shore Drive, Ashburnham, MA 01430.

3.    The Defendant, Wendy M. Phelan, is upon information and belief, an individual c/o Attorney John J. Curley, III, McEvilly & Curley, 48 West Street, Suite 1, Leominster, MA 01453.

4.    The Defendant, David La Brie, is upon information and belief, an individual c/o Attorney Peter M. Mirageas, 27 Prospect Street, Marlboro, MA 01752.

5.    The Defendant, The Unites States of America, is upon information and belief, a federal agency with a usual business address of P.O. Box 9112, Stop 20800, JFK Federal Building, Boston, MA 02203.

6.    The Defendant, O'Callaghan Construction Company, is upon information and belief, a company c/o Attorney Edwin H. Howard, Bonville & Howard, 154 Prichard Street, Fitchburg, MA 01420.

7.    The Defendant, The Commonwealth of Massachusetts Department of Revenue, is upon information and belief, a state agency with a usual business address of 100 Cambridge Street, Boston, MA 02114.

## FACTS

8.    The Plaintiff, Citibank, was the holder by assignment of a first mortgage given by John P. Phelan and Wendy M. Phelan to Chase Manhattan Bank USA, N.A., dated April 11. 2003 and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 29719 at Page 50, securing the real estate located at 812 W. Shore Drive, Winchendon, MA 01475 ("the property").

9.    On October 22, 2004, Citibank foreclosed on the mortgaged property by public auction.

10.   The mortgaged property was sold to a third party for $270,000.00.

11.   After satisfaction of the indebtedness to the Plaintiff, including costs of foreclosure and sale, accrued interest and late charges in the aggregate sum of $249,610.50, there is surplus now held by the Plaintiff in the amount of $20,389.50. See Exhibit "A" attached hereto.

12.   The following persons and entities appear of record to be all of the persons or entities having an interest in said funds held by Citibank, to wit:

(a)    The Defendant, John P. Phelan, is the former holder of the equity of redemption and holder of a declaration of homestead.

(b)    The Defendant, Wendy M. Phelan, is the former holder of the equity of redemption.

(c)    The Defendant, David La Brie, is the holder of an Execution dated May 26, 2004 and recorded June 4, 2004 in the Worcester County Registry of Deeds in Book 33801 at Page 77 in the original amount of $12,907.77.

(d)    The Defendant, The United States of America, is the holder of a federal tax lien dated August 12, 2004 and recorded August 18, 2004 in the Worcester County Registry of Deeds in Book 34400 at Page 307 in the original amount of $56,978.09.

(e)    The Defendant, O'Callaghan Construction Company, is the holder of an Execution dated August 16, 2004 and recorded August 20,

2004 in the Worcester County Registry of Deeds in Book 34426 at Page 281 in the original amount of $8,726.84.

(f)     The Defendant, The Massachusetts Department of Revenue, is the holder of a state tax lien dated October 4, 2004 and recorded October 5, 2004 in the Worcester County Registry of Deeds in Book 34774 at Page 366 in the original amount of $13,652.77.

<u>**COUNT ONE**</u>

<u>**(DECLARATORY JUDGMENT)**</u>

13.     Citibank repeats and alleges Paragraph 1 through 12 and incorporates herein by reference.

14.     Citibank believes that it runs a risk that adverse claims to the surplus proceeds may be made by Defendants in this action.

15.     Citibank is unaware of the respective rights of the Defendants and is unable to determine to whom the funds are justly due and payable.

16.     Citibank's only claim in interest in the surplus proceeds is to have the costs and expenses that are associated with this action paid from the surplus proceeds. Citibank has at all times been willing to pay the surplus to such entities or persons as should lawfully be entitled to received the same and to whom Citibank could safely and without hazard to itself pay the same and Citibank hereby offers to transfer the surplus to this Court at such time and under such conditions as the Court may Order and Direct.

**WHEREFORE**, the Plaintiff, Citibank, N.A., as Trustee, prays that:

4

1.  The said Defendants be ordered to appear and present their claims, if any, to the surplus funds;

2.  That the Plaintiff be allowed its costs, expenses and attorney's fees in this Interpleader Action;

3.  That the Plaintiff be permitted to pay all surplus funds held by it in the amount of $20,389.50, less its fees and costs incurred in this Interpleader Action, into this Court;

4.  That the rights of the Defendants herein named be determined by this Court as to the surplus funds paid into the Court;

5.  That this action be discontinued and dismissed as to the Plaintiff, it being merely a stakeholder and having no interest in said funds; and

6.  For such other and further relief as this Court deems just and proper.

CITIBANK, N.A., AS TRUSTEE,
By its Attorneys,

Raymond C. Pelote
BBO#: 655475
David M. Rosen
BBO#: 552866
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
MAILING ADDRESS:
P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

January 27, 2005

5

## EXHIBIT "A"

SUCCESSFUL BID:                      $ 270,000.00

PAYMENT TO PRINCIPAL:           $ 249,610.50


SURPLUS FUNDS:                       $  20,389.50

A true copy by photostatic process
Attest: _____
Ass't Clerk

6

2/9/05

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.
                                  SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. WOCV2005-0197

---

**CITIBANK, N.A., AS TRUSTEE,**
    **Plaintiff**


v


**JOHN P. PHELAN, WENDY M. PHELAN,
DAVID LA BRIE, THE UNITED STATES OF
AMERICA, O'CALLAGHAN CONSTRUCTION
COMPANY AND THE COMMONWEALTH OF
MASSACHUSETTS DEPARTMENT OF
REVENUE**
    **Defendants**

---

**DEFENDANT, DAVID LA BRIE'S
ANSWER AND CROSS-CLAIMS**

# FILED

FEB 09 2005

ATTEST:

*[signature]* CLERK

---

## ANSWER

NOW COMES the Defendant, David La Brie, and answers the Complaint as follows:

### PARTIES



1.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

2.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

3.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

4.    Admitted.

5.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

-1-

6.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

7.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

## FACTS

8.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

9.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

10.   Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

11.   Defendant has insufficient information to either admit or deny the allegations contained in this paragraph or in Exhibit A.

12.   (A)   Defendant states that this paragraph contains multiple allegations. Further, this paragraph asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

      (B)   Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

      (C)   Admitted.

      (D)   Defendant admits to the accuracy of the recording information recited in this paragraph, but as to the factual allegations contained within this paragraph Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

      (E)   Defendant admits to the accuracy of the recording information recited in this paragraph, but as to the factual allegations contained within this paragraph Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

-2-

(F)    Defendant admits to the accuracy of the recording information recited in this paragraph, but as to the factual allegations contained within this paragraph Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

## COUNT ONE

13.    Defendant repeats and realleges his answers to Paragraphs one through twelve and incorporates said answers herein by reference.

14.    Defendant states that this paragraph contains a statement of belief and that no response is required. To the extent that a response is required, Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

15.    Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

16.    Defendant states that this paragraph contains multiple assertions. To the extent an answer is required, Defendant has insufficient information to either admit or deny the allegations contained in this paragraph.

## CROSS-CLAIM vs. ALL OTHER DEFENDANTS

1.    Defendant David La Brie (hereinafter "La Brie") avers that he has an equitable interest or lien in the subject foreclosure surplus proceeds pursuant to his Attachment issued by the Worcester District Court on February 20, 2004 and recorded in the Worcester County Registry of Deeds, Book 32882, Page 335, recorded February 23, 2004 (a true copy attached hereto as **Exhibit A**).

2.    La Brie avers that he has an equitable interest or lien in the subject foreclosure surplus proceeds pursuant to his Executions (one against John P. Phelan and one against Wendy M. Phelan) both issued by the Worcester District Court on May 26, 2004 in the amount of $12,907.77 and recorded in the Worcester County Registry of Deeds, Book 33801, Page 77, and at Book 33801, Page 81, respectively, on June 4, 2004 (a true copy of both Executions are attached hereto collectively as **Exhibit B**).

3.    La Brie avers that he is owed no less than $12,907.77 as of June 4, 2004, plus further interests and costs pursuant to the Execution.

4.    Upon information and belief, all other equitable interests or liens upon the subject foreclosure surplus proceeds are junior and subordinate to La Brie's equitable interest or lien.

5.    La Brie, his equitable interest or lien being superior to any interest or lien of any other Defendant, is therefore entitled to all of the foreclosure surplus proceeds up to the value of his equitable interest or lien, including interest, costs and attorney fees.

WHEREFORE, La Brie prays:

1.    That this Honorable Court enter judgment for La Brie and against all other Defendants on this Cross-Claim.

2.    That this Honorable award damages to La Brie in the amount this Court deems appropriate, with interest, costs, and attorney fees.

3.    That this Honorable Court order said damages to be paid out of the foreclosure surplus proceeds.

4.    That this Honorable Court award La Brie such other relief as it deems just and necessary.


                              Respectfully submitted
                              DAVE LA BRIE
                              By his Attorney,



                              Peter M. Mirageas
                              BBO #544583
                              27 Prospect Street
                              Marlborough, MA 01752
                              (508) 460-9698

Dated:  February 8, 2005

-4-

# EXHIBIT "A"

Uniform Form DMC-15

*Peter A. Miragras, Esq*
*27 Prospect Street*
*Marlborough, MA*
*01752*

# The C_mmonwealth of Massachusetts
## Massachusetts Trial Court
### District Court Department

**WORCESTER , SS.**

**CENTRAL WORCESTER DIVISION**

Dave La Brie
PLAINTIFF

v.

John P. Phelan & Wendy M. Phelan
D/B/A JP Flooring Plus
DEFENDANTS

Civil Action No. 0462 CV 323

**A TRUE COPY ATTEST**

*Melissa A. Wagg*

**DEPUTY SHERIFF**

**WRIT OF ATTACHMENT**
(Rule 4.1)

To the Sheriffs of our several counties or their deputies, or a constable of any City or Town within the Commonwealth:

We command you to attach the goods or estate of defendant John P. Phelan and Wendy M. Phelan,

Of Winchendon, Worcester County, MA , to the value of $ 12,000 ,the amount authorized,

as prayed for by plaintiff Dave La Brie of Leominster, Worcester Cty, MA

whose attorney is Peter M. Miragras of Marlboro, MA ,

in an action brought by said plaintiff against said defendant in this court , and make due return of this writ with your doings there on.

The complaint in this case was filed on Feb 20, 2004 . This attachment was approved

on 2-20-04 by [signature] , j.,
   (date)      (signature of judge)

in the amount of $ 12,000 .

WITNESS, LoConto, Paul Presiding Justice , Worcester , 2-20-04 . *Thomas J. Noonan*
                                            (date)

**THOMAS J. NOONAN  CLERK**

## PROOF OF ATTACHMENT

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100
Worcester, ss

02/23/2004

By virtue of this writ, I this day at 11:56am attached as the property of the within named Defendants JOHN P. PHELAN and WENDY M. PHELAN all their right, title and interest in and to any real estate in WINCHENDON or elsewhere in the County of Worcester. The above is a true copy so much of my return as relates to the attachment of real estate.

ATTEST:

Deputy Sheriff Melissa A Wagg

*Melissa A. Wagg*

**Deputy Sheriff**


2004 00028309

Form 15 CMF

Bk: 32882 Pg: 335  Doc: ATT
Page: 1 of 1  02/23/2004 01:02 PM

**ATTEST: WORC. Anthony J. Vigliotti, Register**

# EXHIBIT "B"



| EXECUTION | DOCKET NUMBER<br>200462CV000323 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

CASE NAME  DAVE LA BRIE  vs.  JOHN P. PHELAN D/B/A J P FLOORING PLUS

| | |
|---|---|
| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br><br>P01    DAVE LA BRIE | CURRENT COURT<br>Worcester District Court<br>50 Harvard Street<br>Worcester, MA 01608-1198<br>(508) 757-8350 |
| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br><br>P01    PETER M. MIRAGEAS<br>LAW OFCS OF PETER M MIRAGEAS<br>27 PROSPECT STREET<br>MARLBORO, MA 01752 | FURTHER ORDERS OF THE COURT |
| JUDGMENT DEBTOR  AGAINST WHOM EXECUTION IS ISSUED<br><br>D01    JOHN P. PHELAN D/B/A  J P FLOORING PLUS<br><br>WINCHENDON, MA 01475 | A TRUE COPY ATTEST<br><br>DEPUTY SHERIFF |

2004 00100/38
Bk: 33801 Pg: 77    Doc: EXC
Page: 1 of 4    06/04/2004 03:36 PM

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---:|
| 1. Judgment Total | $12,857.05 |
| 2. Date Judgment Entered | 05/14/2004 |
| 3. Date Execution Issued | 05/26/2004 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 12 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $50.72 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| 9.  **EXECUTION TOTAL**  *( Lines 1 + 6 + 7, minus Line 8)* | **$12,907.77** |
| LEVYING OFFICER:    (a) Add daily interest from date execution issued. | |
| (b) Add your fees as provided by law: | |

| TESTE OF FIRST JUSTICE<br><br>WITNESS:    Hon. Paul F. LoConto | DATE EXECUTION ISSUED<br><br>05/26/2004 | CLERK-MAGISTRATE/ASST. CLERK<br><br>X |

Date/Time Printed:  05/26/2004 02:56 PM                                                                 FORM NO

Worcester, SS. Worcester                                   June 4, 2004

By virtue of an Execution which issued on a Judgment in favor of

**David La Brie**
against **John P. Phelan d/b/a J P Flooring Plus,**
     **812 West Short Drive, Ashburnham MA**
which was rendered on   **May 14, 2004**   said Execution having been placed in my hands for
the purpose of taking lands of said Judgment Debtor , I have this day levied on and taken all
right, title and interest which the said Judgment Debtor   had not exempt by law from
attachment or levy on Execution on   **February 23, 2204**, the date when same was attached on
mesne process or which he now have in and to a certain parcel of land in said   **Winchendon**
bounded and described as follows:

(see attached for legal description)

The above is a true copy of so much of my return as related to Levy of Real Estate.  And I suspend further action at this
time on written request of the Plaintiff's attorney.
Mail to:                                              ATTEST: _____
    **David N. DiTommaso, Esquire**              Melissa A. Wagg
    **Law Offices of Peter M. Mirageas**              **Deputy Sheriff**
    **27 Prospect Street**
    **Marlborough  MA  01752**

**PARCEL 1:**

A certain parcel of land on the easterly side of West Shore Drive in the Town of Winchendon, Worcester County, Massachusetts, being shown as Lot #813 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendon, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23.  Said parcel being further bounded and described as follows:

BEGINNING at a point on said plan where Lot #813 meets Lot #812 and West Shore Drive, and running in a northeasterly direction in a straight line for a distance of sixty (60) feet to a point on said plan; THENCE running in the same general direction as shown on said plan for a further distance of fifty (50) feet.  THENCE turning and running in a southeasterly direction for a distance of one hundred forty-five and 70/100 (145.70) feet to a point on said plan. THENCE, running in the same direction one (1) foot, more or less, to a point along the water.  THENCE, turning and running along the water in a southwesterly direction a distance of eighty (80) feet, more or less, to a point along the water.  THENCE, turning and running in a northwesterly direction a distance of seven (7) feet, more or less, to a point on said plan.  THENCE, running in the same direction a further distance of one hundred sixty-four and 85/100 (164.85) feet to the point of beginning.

Containing 15,000 square feet, more or less.

The granted premises are conveyed subject to easements, restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES, INC. dated May 1, 1974, and recorded with Worcester District Registry of Deeds in Book 5513, Page 219.

**PARCEL 2:**

A certain parcel of land on the easterly side of West Shore Drive in the Town of Winchendon, Worcester County, Mass., being shown as Lot #814 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendonn, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23.  Said parcel being further bounded and described as follows:

BEGINNING at a point on said plan where Lot #814 meets Lot #813 along West Shore Drive and running in a northeasterly direction for a distance of seventy-six (76) feet.  THENCE, running in the same

direction along a curved line having a radius of one hundred fifty
(150) feet for a distance of thirty-eight (38) feet.  **THENCE**,
turning and running in a southeasterly direction a distance of one
hundred sixty-six and 33/100 (166.33) feet to a point on said plan.
**THENCE**, running in the same direction two (2) feet, more or less,
to a point along the water.  **THENCE**, turning and running along the
water in a southwesterly direction, eighty-five (85) feet, more or
less, to a point along the water.  **THENCE**, turning and running in
a northwesterly direction a distance of one (1) foot, more or less,
to a point on said plan.  **THENCE**, running in the same direction, a
distance of one hundred forty-five and 70/100 (145.70) feet to the
point of beginning.

Containing 15,000 square feet, more or less.

The granted premises are conveyed subject to easements,
restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same
premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES,
INC. dated May 1, 1974, and recorded with Worcester District
Registry of Deeds in Book 5513, Page 223.

**PARCEL 3:**

A certain parcel of land on the Easterly side of West Shore Drive
in the Town of Winchendon, Mass., Worcester County, being shown as
Lot #812 on a Plan entitled: Definitive Subdivision Plan of Far
Hills, Section #8, in Winchendonn, Mass., developed by Sunset Lake
Development Corp., Dunn Road, Ashburnham, Mass., dated June 27,
1966, and recorded with Worcester North District Registry of Deeds
in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in
Plan Book 304, Page 23.  Said parcel being further bounded and
described as follows:

BEGINNING at a point where Lot #812 meets Lot #813 and West Shore
Drive and running on a straight line in a southeasterly direction
for a distance of one hundred sixty-four and 85/100 (164.85) feet
to a point on said plan.  **THENCE**, running in the same direction
seven (7) feet, more or less, to a point along the water.  **THENCE**,
running along the water in a westerly direction for a distance of
seventy-five (75) feet, more or less, as shown on said plan.
**THENCE**, running northwesterly for a distance of one (1) foot, more
or less, to a point on said plan.  **THENCE**, running in the same
direction and a further distance of one hundred eighty-seven and
54/100 (187.54) feet to a point along West Shore Drive.  **THENCE**,
running northeasterly for a distance of one hundred (100) feet to
the point of beginning.

Containing 16,000 square feet, more or less.

The granted premises are conveyed subject to easements,
restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same
premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES,
INC. dated May 1, 1974, and recorded with Worcester District
Registry of Deeds in Book 5513, Page 215.

BK: 33801 Pg: 81

| **EXECUTION** | DOCKET NUMBER<br>**200462CV000323** | **Trial Court of Massachusetts<br>District Court Department**  |
|---|---|---|

CASE NAME   **DAVE LA BRIE** vs. **JOHN P. PHELAN D/B/A J P FLOORING PLUS**

| | |
|---|---|
| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br>P01   **DAVE LA BRIE** | CURRENT COURT<br>**Worcester District Court**<br>**50 Harvard Street**<br>**Worcester, MA 01608-1198**<br>**(508) 757-8350** |
| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br>P01   **PETER M. MIRAGEAS**<br>**LAW OFCS OF PETER M MIRAGEAS**<br>**27 PROSPECT STREET**<br>**MARLBORO, MA 01752** | FURTHER ORDERS OF THE COURT |
| JUDGMENT DEBTOR  AGAINST WHOM EXECUTION IS ISSUED<br>D02   **WENDY M. PHELAN D/B/A J P FLOORING PLUS**<br>**812 WEST SHORE DR.**<br>**WINCHENDON, MA 01475** |  **A TRUE COPY ATTEST**<br>**DEPUTY SHERIFF** |

Bk: 33801 Pg: 81   Doc: EXC
Page: 1 of 4   06/04/2004 03:36 PM

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $12,857.05 |
| 2. Date Judgment Entered | 05/14/2004 |
| 3. Date Execution Issued | 05/26/2004 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 12 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $50.72 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| **9.  EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | **$12,907.77** |
| LEVYING OFFICER:     (a) Add daily interest from date execution issued. | |
| (b) Add your fees as provided by law: | |

| TESTE OF FIRST JUSTICE<br><br>**WITNESS:**   Hon. Paul F. LoConto | DATE EXECUTION ISSUED<br><br>05/26/2004 | CLERK-MAGISTRATE/ASST. CLERK<br><br>X Michael Thomson |
|---|---|---|

Worcester, SS. Worcester         **June 4, 2004**

By virtue of an Execution which issued on a Judgment in favor of

**Dave La Brie**
against **Wendy M. Phelan d/b/a J P Flooring Plus,**
     **812 West Shore Drive, Ashburnham MA**

which was rendered on   **May 14, 2004**   said Execution having been placed in my hands for the purpose of taking lands of said Judgment Debtor , I have this day levied on and taken all right, title and interest which the said Judgment Debtor had not exempt by law from attachment or levy on Execution on   **February 23, 2004**, the date when same was attached on mesne process or which he now have in and to a certain parcel of land in said   **Winchendon** bounded and described as follows:

(see attached for legal description)

The above is a true copy of so much of my return as related to Levy of Real Estate. And I suspend further action at this time on written request of the Plaintiff's attorney.
Mail to:            ATTEST:

     **David N. DiTommaso, Esquire**           Melissa A. Wagg
     **Law Offices of Peter M. Mirageas**           **Deputy Sheriff**
     **27 Prospect Street**
     **Marlborough MA 01752**

**PARCEL 1:**

A certain parcel of land on the easterly side of West Shore Drive in the Town of Winchendon, Worcester County, Massachusetts, being shown as Lot #813 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendon, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23. Said parcel being further bounded and described as follows:

BEGINNING at a point on said plan where Lot #813 meets Lot #812 and West Shore Drive, and running in a northeasterly direction in a straight line for a distance of sixty (60) feet to a point on said plan; THENCE running in the same general direction as shown on said plan for a further distance of fifty (50) feet. THENCE turning and running in a southeasterly direction for a distance of one hundred forty-five and 70/100 (145.70) feet to a point on said plan. THENCE, running in the same direction one (1) foot, more or less, to a point along the water. THENCE, turning and running along the water in a southwesterly direction a distance of eighty (80) feet, more or less, to a point along the water. THENCE, turning and running in a northwesterly direction a distance of seven (7) feet, more or less, to a point on said plan. THENCE, running in the same direction a further distance of one hundred sixty-four and 85/100 (164.85) feet to the point of beginning.

Containing 15,000 square feet, more or less.

The granted premises are conveyed subject to easements, restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES, INC. dated May 1, 1974, and recorded with Worcester District Registry of Deeds in Book 5513, Page 219.

**PARCEL 2:**

A certain parcel of land on the easterly side of West Shore Drive in the Town of Winchendon, Worcester County, Mass., being shown as Lot #814 on a Plan entitled: Definitive Subdivision Plan of Far Hills, Section #8, in Winchendonn, Mass., developed by Sunset Lake Development Corp., Dunn Road, Ashburnham, Mass., dated June 27, 1966, and recorded with Worcester North District Registry of Deeds in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in Plan Book 304, Page 23. Said parcel being further bounded and described as follows:

BEGINNING at a point on said plan where Lot #814 meets Lot #813 along West Shore Drive and running in a northeasterly direction for a distance of seventy-six (76) feet. THENCE, running in the same

direction along a curved line having a radius of one hundred fifty
(150) feet for a distance of thirty-eight (38) feet. THENCE,
turning and running in a southeasterly direction a distance of one
hundred sixty-six and 33/100 (166.33) feet to a point on said plan.
THENCE, running in the same direction two (2) feet, more or less,
to a point along the water. THENCE, turning and running along the
water in a southwesterly direction, eighty-five (85) feet, more or
less, to a point along the water. THENCE, turning and running in
a northwesterly direction a distance of one (1) foot, more or less,
to a point on said plan. THENCE, running in the same direction, a
distance of one hundred forty-five and 70/100 (145.70) feet to the
point of beginning.

Containing 15,000 square feet, more or less.

The granted premises are conveyed subject to easements,
restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same
premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES,
INC. dated May 1, 1974, and recorded with Worcester District
Registry of Deeds in Book 5513, Page 223.

PARCEL 3:

A certain parcel of land on the Easterly side of West Shore Drive
in the Town of Winchendon, Mass., Worcester County, being shown as
Lot #812 on a Plan entitled: Definitive Subdivision Plan of Far
Hills, Section #8, in Winchendonn, Mass., developed by Sunset Lake
Development Corp., Dunn Road, Ashburnham, Mass., dated June 27,
1966, and recorded with Worcester North District Registry of Deeds
in Plan Book 138, Plan 6, and Worcester County Registry of Deeds in
Plan Book 304, Page 23. Said parcel being further bounded and
described as follows:

BEGINNING at a point where Lot #812 meets Lot #813 and West Shore
Drive and running on a straight line in a southeasterly direction
for a distance of one hundred sixty-four and 85/100 (164.85) feet
to a point on said plan. THENCE, running in the same direction
seven (7) feet, more or less, to a point along the water. THENCE,
running along the water in a westerly direction for a distance of
seventy-five (75) feet, more or less, as shown on said plan.
THENCE, running northwesterly for a distance of one (1) foot, more
or less, to a point on said plan. THENCE, running in the same
direction and a further distance of one hundred eighty-seven and
54/100 (187.54) feet to a point along West shore Drive. THENCE,
running northeasterly for a distance of one hundred (100) feet to
the point of beginning.

Containing 16,000 square feet, more or less.

The granted premises are conveyed subject to easements,
restrictions, and conditions and agreements of record as amended.

Meaning and intending to convey and hereby conveying the same
premises conveyed to us by deed of NORTH ATLANTIC LAKE PROPERTIES,
INC. dated May 1, 1974, and recorded with Worcester District
Registry of Deeds in Book 5513, Page 215.

## CERTIFICATE OF SERVICE

I, Peter M. Mirageas, attorney for defendant, David La Brie, hereby certify that on February 8, 2005, I caused a copy of Defendant, David La Brie's Answer and Cross-Claim to all other Defendants to be served by first class mail, postage prepaid, to the following:

Raymond C. Pelote, Esquire
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458

John P. Phelan
812 West Shore Drive
Winchendon, MA 01430

Wendy M. Phelan
812 West Shore Drive
Winchendon, MA 01430

United States of America
P.O. Box 9112
Stop 20800
JFK Federal Building
Boston, MA 02203

O'Callaghan Construction Company
c/o Edwin H. Howard, Esquire
Bonville & Howard
154 Prichard Street
Fitchburg, MA 01420

Commonwealth of Massachusetts
Department of Revenue
100 Cambridge Street
Boston, MA 02114

Signed under the pains and penalties of perjury this 8th day of February 2005.

Peter M. Mirageas
BBO No. 544583
27 Prospect Street
Marlborough, MA 01752
(508) 460-9698

A true copy by photostatic process



RECEIVED

FEB 1 0 2005

PLYMOUTH SUPERIOR COURT



# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.
WORCESTER

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.   05-00197-B

---

CITIBANK, N.A. AS TRUSTEE,

Plaintiff,

v.

JOHN P. PHELAN, WENDY M. PHELAN,
DAVID LA BRIE, THE UNITED STATES OF
AMERICA, AND THE COMMONWEALTH
OF MASSACHUSETTS DEPARTMENT OF
REVENUE,

Defendants.

---

# FILED

FEB 1 5 2005

ATTEST:

CLERK

---

## ACCEPTANCE OF SERVICE FOR WENDY M. PHELAN

The undersigned hereby accepts service of the Summons, Complaint and Civil

Action Cover Sheet for Wendy M. Phelan in the above-referenced action.

Attorney John J. Curley, III
McEvilly & Curley
48 West Street, Suite 1
Leominster, MA  01453

Dated:  January 31, 2005

**COMMONWEALTH OF MASSACHUSETTS**

RECEIVED
FEB 1 0 2005
Worcester, ss.
PLYMOUTH SUPERIOR COURT

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action 05 - 0197
No.

)
)
CitiBank, N.A. as Trustee )
)
        Plaintiff (s) )
)   **SUMMONS**
v. )
)
John P. Phelan, Wendy M. Phelan, David )
La Brie, The United States of, )
and the Commonwealth of MA DOR  Defendant (s) )

\* To the above-named Defendant: Wendy Phelan , c/o Atty. John J. Curley, III,, McEvilly & Curley, 48 West St., Suite 1, Leominster, MA  01453

    You are hereby summoned and required to serve upon..... Raymond C. Pelote Harmon Law Offices, P.C. ........................................................., plaintiff's attorney, whose address is 150 California St., Newton, MA  02458 ......................................... an answer to the complaint which is herewith served upon you, within **20 days after** service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, SUZANNE V. DEL VECCHIO. Esquire, at Worcester, the..seventh........... day of .................February............ .............in the year of our Lord two thousand  and  five ........................ .

*[signature]*

**Clerk**

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

    PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

RECEIVED
FEB 1 0 2005
PLYMOUTH SUPERIOR COURT

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.** 05-00197-B

CITIBANK, N.A. AS TRUSTEE,

Plaintiff,

v.

JOHN P. PHELAN, WENDY M. PHELAN,
DAVID LA BRIE, THE UNITED STATES OF
AMERICA, AND THE COMMONWEALTH
OF MASSACHUSETTS DEPARTMENT OF
REVENUE,

Defendants.

# FILED
FEB 1 5 2005
ATTEST:
_Francis G. Ford_
CLERK

## ACCEPTANCE OF SERVICE FOR DAVID LA BRIE

The undersigned hereby accepts service of the Summons, Complaint and Civil

Action Cover Sheet for David La Brie in the above-referenced action.

Attorney Peter M. Miragcas
27 Prospect Street
Marlboro, MA 01752

Dated: January 31, 2005

A true copy by photostatic process
Attest:
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

RECEIVED
FEB 1 0 2005
Worcester ss.
WORCESTER SUPERIOR COURT

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action
No.        05-0197

)
)
CitiBank, N.A. as Trustee )
)
                    **Plaintiff (s)** )        **SUMMONS**
)
        **v.** )
)
John P. Phelan, Wendy M. Phelan, David La Brie )
The United States of America, the )
Commonwealth of MA DOR    **Defendant (s)** )

\*    To the above-named Defendant: David La Brie, c/o/ Atty. Peter M. Mirageas, 27 Prospect St. Marlboro, MA 01752

You are hereby summoned and required to serve upon Raymond C. Pelote Harmon Law Offices, P.C. ....................................., plaintiff's **attorney,** whose address is 150 California St., Newton MA 02458 ................................................ an answer to the complaint which is herewith served upon you, within **20 days after** service of this summons upon you, exclusive of the day of service. If you fail **to do so,** judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state **as a counter-**claim any claim which you may have against the plaintiff which arises **out of the** transaction of occurrence that is the subject matter of the plaintiff's claim **or you will** thereafter be barred from making such claim in any other action.

Witness. SUZANNE V. DEL VECCHIO. Esquire, at Worcester, the seventh .......... day of ......February...........................in the year of our Lord two thousand and five .......................  .

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, SS.**

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO. 05-0179 B**

/ 97B

| | |
|---|---|
| CITIBANK, N.A. AS TRUSTEE, | ) |
| **Plaintiff** | ) |
| v. | ) |
| | ) |
| JOHN P. PHELAN, WENDY M. PHELAN, | ) |
| DAVID LA BRIE, THE UNITED STATES OF AMERICA, | ) |
| O'CALLAGHAN CONSTRUCTION COMPANY AND | ) |
| COMMONWEALTH OF MASSACHUSETTS | ) |
| DEPARTMENT OF REVENUE, | ) |
| **Defendants** | ) |
| | ) |

## APPEARANCE

Please enter my appearance for the Defendant, the Massachusetts Commissioner of Revenue, in the above-entitled action.

ALAN LEBOVIDGE,
COMMISSIONER OF REVENUE

By his attorney,

Eileen Ryan McAuliffe (BBO# 435260)
**Counsel to the Commissioner**
**Massachusetts Department of Revenue**
**Litigation Bureau - P.O. Box 9565**
**100 Cambridge Street**
**Boston, MA 02114-9565**
**Phone (617) 626-3217**

**Dated:  February 14, 2005**

#187437/ERM

A true copy by photostat process
Attest:
Asst. Clerk

## CERTIFICATE OF SERVICE

I, Eileen Ryan McAuliffe, certify that I have served a copy of the within Appearance by first-class mail, postage prepaid, upon:

Raymond C. Pelote
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389

**Eileen Ryan McAuliffe**
**BBO# 435260**

**Dated:  February 14, 2005**

#187437/ERM

A true copy by photostatic process
attest:

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.** 05-0197

---

CITIBANK, N.A. AS TRUSTEE,

     **Plaintiff,**

    v.

**JOHN P. PHELAN, WENDY M. PHELAN,
DAVID LA BRIE, THE UNITED STATES OF
AMERICA, AND THE COMMONWEALTH
OF MASSACHUSETTS DEPARTMENT OF
REVENUE,** AND O''CALLAGHAN CONSTRUCTION
COMPANY

     **Defendants.**

---

# FILED

FEB 23 2005

ATTEST:

_____ CLERK

## ACCEPTANCE OF SERVICE FOR
## O'CALLAGHAN CONSTRUCTION COMPANY

The undersigned hereby accepts service of the Summons, Complaint and Civil

Action Cover Sheet for O'Callaghan Construction Company in the above-referenced

action.

_____

Attorney Edwin H. Howard
Bonville & Howard
154 Prichard Street
Fitchburg, MA 01420

Dated: ~~January~~ 2/3/05 , 2005

A true copy by photostatic process
Attest:

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.  05-0197

)
)
)
CitiBank, N.A. as Trustee          Plaintiff (s)      )
                                                      )      **SUMMONS**
                    v.                                )
                                                      )
                                                      )
John P. Phelan, Wendy M. Phelan, David La Bro Defendant (s) )
The United States of America and the Commonwealth of )
MA DOR and O'Callaghan Construction Company

* To the above-named Defendant: O'Callaghan Construction Company, c/o Atty. Edwin Howard
                                154 Prichard Street, Fitchburg, MA  01420

You are hereby summoned and required to serve upon... Raymond C. Pelote
........... Harmon Law Offices, P.C. ......................., plaintiff's attorney,
whose address is 150 California St., Newton, MA 02458 ......................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness. SUZANNE V. DEL VECCHIO. Esquire, at Worcester, the ninth ...........
day of ......... January ........... ................ ............in the year of our Lord two thousand and     five
..................... .

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                    SUPERIOR COURT DEPARTMENT
                                 DOCKET NO. WOCV2005-0197-B

CITIBANK, N.A. AS TRUSTEE,              )
        Plaintiff                       )
                                        )
        v.                              )
                                        )
JOHN P. PHELAN, WENDY M. PHELAN,        )
DAVID LaBRIE, THE UNITED STATES OF      )
AMERICA, AND THE COMMONWEALTH           )       
OF MASSACHUSETTS DEPARTMENT OF          )       FEB 2 8 2005
REVENUE,                                )   ATTEST
        Defendants                      )

### ANSWER OF WENDY M. PHELAN

Now comes the Defendant, Wendy M. Phelan ("Wendy Phelan") and makes answer to the allegations set forth in the Plaintiff's Complaint as follows:

1.    Wendy Phelan is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.    Wendy Phelan admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.    Wendy Phelan admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.    Wendy Phelan is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.    Wendy Phelan admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.    Wendy Phelan is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.    Wendy Phelan admits the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8.    Wendy Phelan admits so much of the allegations contained in Paragraph 8 of the Plaintiff's Complaint as allege that she gave a mortgage to Chase Manhattan Bank USA, N.A., secured by the property at 812 W. Shore

Drive, Winchendon, MA 01475 and is without sufficient knowledge to either admit or deny the remaining allegations contained therein.

9.     Wendy Phelan admits the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.    Wendy Phelan admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.    Wendy Phelan is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.    Wendy Phelan admits so much of the allegations contained in Paragraph 12 of the Plaintiff's Complaint as allege that she is a former holder of the equity of redemption and is without sufficient information to either admit or deny the remaining allegations contained therein.

13.    Wendy Phelan repeats her responses to the allegations set forth in Paragraphs 1 through 12 of the Plaintiff's Complaint as if set forth again herein in their entirety.

14.    Wendy Phelan is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.    Wendy Phelan is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.    Wendy Phelan is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

WHEREFORE, Wendy Phelan prays that this Honorable Court:

1.     Determine the amount of any surplus funds held by the Plaintiff which are legally or equitably due to Wendy M. Phelan.

2.     Order that the amount of any surplus funds due to Wendy M. Phelan be paid to her by the Plaintiff or from the funds paid into Court.

3.     For such other and further relief as this Honorable Court may deem to be meet and just.

WENDY M. PHELAN
By her attorney,


_____
John J. Curley, III
McEVILLY & CURLEY
48 West Street
Leominster, MA 01453
(978)534-3556
BBO #: 109140


A true copy by photostatic process
Attest:
A.M. Clerk

MAR 16 2005

ATTEST:                          CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS,

CITIBANK, N.A., AS TRUSTEE,                    )
                                               )    2005           A II: 17
            Plaintiff,                         )    Civil No. _____
                                               )
      v.                                       )
                                               )
JOHN P. PHELAN, WENDY M. PHELAN,               )    05-40045 FDS
DAVID LABRIE, THE UNITED STATES                )
OF AMERICA, O'CALLAGHAN                         )    05-197B
CONSTRUCTION CO., and THE                      )
COMMONWEALTH OF MASSACHUSETTS                   )
DEPARTMENT OF REVENUE,                         )
                                               )
            Defendants.                        )

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

      The defendant United States of America, by its attorney, Michael J. Sullivan, United

States Attorney for the District of Massachusetts, respectfully states as follows:

      1.  The United States of America has been named as a defendant to the civil action that is

now pending in the Superior Court Department, Worcester County, for the Commonwealth of

Massachusetts, entitled Citibank, N.A., as Trustee v. John Phelan, et al., Case No. 05-0197-B.

      2.  This action is removable to the United States District Court for the District of

Massachusetts, pursuant to 28 U.S.C. § § 1441, 1442 and/or 1444.

      3.  No prior removal of this action has been attempted.

      4.  The removal of this action is timely under the provisions of 28 U.S.C. §1446(b) as the

United States has thirty days from the date of service to remove to federal court.

- 2 -

5. Copies of all pleadings received by the defendant United States in this proceeding are

attached hereto.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

March 11, 2005

BARBARA HEALY SMITH
Assistant United States Attorney

*Barbara Healy Smith*

BARBARA HEALY SMITH
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210

*Lydia Bottome Turanchik*

LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

A true copy by photostatic process
Attest:
        Asst. Clerk

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

RECEIVED
SUPERIOR COURT
Department of the Trial Court.
of the Commonwealth
05 Civil Action

No. 05-0197

CitiBank, N.A. as Trustee

**Plaintiff (s)**

v.

**SUMMONS**

John P. Phelan, Wendy M. Phelan, David **defendant (s)**
LaBrie, The United States of America,
O'Callaghan Construction Co. and the Commonwealth of MA DOR

✳ To the above-named Defendant: The United States of America

You are hereby summoned and required to serve upon Raymond C. Pelote, Harmon Law P.C.
..................................................................................., plaintiff's attorney,
whose address is 150 California Street, Newton, MA 02458 ...................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO. Esquire, at Worcester, the fourth
day of ........February.............................................in the year of our Lord two thousand and five
........................ .

A true copy by photostatic process
Attest:
　Asst. Clerk

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✳ NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

**CIVIL DOCKET# WOCV2005-00197-B**

RE:   **Citibank NA Trustee v Phelan et al**

TO: David M Rosen, Esquire
     Harmon Law Offices (Mark P)
     150 California Street
     PO Box 610389
     Newton Highlands, MA 02461-0389

## TRACKING ORDER - X TRACK

You are hereby notified that this case is on the accelerated (X) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/04/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/03/2005 |
| Firm trial date set | 08/02/2005 |
| Case disposed | 09/01/2005 |

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session B sitting in Rm 18 (Session B) at Worcester Superior Court.

Dated: 02/03/2005

                                        Francis A. Ford
                                        Clerk of the Courts

                              BY: Denise D. Foley/Gail Dempsey
                                        Assistant Clerk

Location: Rm 18 (Session B)
Telephone: 508-770-1899, Ext. 129 or Ext. 108 (Session Clerk)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

A true copy by photostatic process
Attest:
   **Asst. Clerk**

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET# **WOCV2005-00197-B**

RE:  **Citibank NA Trustee v Phelan et al**

TO:Raymond C Pelote, Esquire
Harmon Law Offices (Mark P)
150 California Street
PO Box 610389
Newton, MA 02458-0389

### TRACKING ORDER - X TRACK

      You are hereby notified that this case is on the **accelerated (X) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| **STAGES OF LITIGATION** | **DEADLINE** |
|---|---|
| Service of process made and return filed with the Court | 05/04/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/03/2005 |
| Firm trial date set | 08/02/2005 |
| Case disposed | 09/01/2005 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session B sitting in Rm 18 (Session B) at Worcester Superior Court.

**Dated: 02/03/2005**

                     **Francis A. Ford**
                     **Clerk of the Courts**

                 **BY: Denise D. Foley/Gail Dempsey**
                     **Assistant Clerk**

**Location: Rm 18 (Session B)**
**Telephone: 508-770-1899, Ext. 129 or Ext. 108 (Session Clerk)**

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

                 **A true copy by photostatic process**
                 **Attest:**
                     **Asst. Clerk**

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department |
|---|---|---|
| | | County: Worcester |

**PLAINTIFF(S)**

Citibank, N.A., as Trustee

**DEFENDANT(S)** John P. Phelan, Wendy M. Phelan, David La Brie, The United States of America, O'Callaghan Construction Company and the Commonwealth of Massachusetts Department of Revenue

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Raymond C. Pelote, Harmon Law Offices, P.C.
150 California St., Newton, MA 02458 (617) 558-0500

Board of Bar Overseers number: 655475

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E99 | Interpleader | ( X ) | ( ) Yes  ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 Subtotal $. . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A true copy by photostatic process
Attest:
            Asst. Clerk

$. . . . . . . . . . .

$. . . . . . . . . . .
TOTAL $ 20,389.50 . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Plaintiff is holding surplus funds that it would like to pay into Court. Plaintiff further requests that it be discharged from any further obligation involving this matter.

TOTAL $ 20,389.50 . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                    DATE: 1/27/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, SS.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.**

---

**CITIBANK, N.A. AS TRUSTEE,**

      **Plaintiff,**

    **v.**

**JOHN P. PHELAN, WENDY M. PHELAN,
DAVID LA BRIE, THE UNITED STATES OF
AMERICA, O'CALLAGHAN
CONSTRUCTION COMPANY AND THE
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE,**

      **Defendants.**

---

## COMPLAINT IN INTERPLEADER
### (Mortgage Foreclosure Surplus Proceeds)

## INTRODUCTION

This action is being brought after a foreclosure sale on a property 812 W. Shore

Drive, Winchendon, MA 01475. Citibank, N.A., as Trustee, the foreclosing

mortgagee, is currently holding surplus funds that it would like to pay into Court.

Citibank, N.A., as Trustee further requests that it be discharged from any further

obligation involving this matter.

In the above action, Citibank, N.A., as Trustee respectfully represents:

## PARTIES

1.    The Plaintiff, Citibank, N.A., as Trustee, (hereinafter referred to as "Citibank") is

    a corporation having its usual place of business c/o Chase Manhattan Mortgage

    Corporation, 10790 Rancho Bernardo Road, San Diego, CA 92127.

2. The Defendant, John P. Phelan, is upon information and belief, an individual with a last known address of 812 W Shore Drive, Ashburnham, MA 01430.

3. The Defendant, Wendy M. Phelan, is upon information and belief, an individual c/o Attorney John J. Curley, III, McEvilly & Curley, 48 West Street, Suite 1, Leominster, MA 01453.

4. The Defendant, David La Brie, is upon information and belief, an individual c/o Attorney Peter M. Mirageas, 27 Prospect Street, Marlboro, MA 01752.

5. The Defendant, The Unites States of America, is upon information and belief, a federal agency with a usual business address of P.O. Box 9112, Stop 20800, JFK Federal Building, Boston, MA 02203.

6. The Defendant, O'Callaghan Construction Company, is upon information and belief, a company c/o Attorney Edwin H. Howard, Bonville & Howard, 154 Prichard Street, Fitchburg, MA 01420.

7. The Defendant, The Commonwealth of Massachusetts Department of Revenue, is upon information and belief, a state agency with a usual business address of 100 Cambridge Street, Boston, MA 02114.

## FACTS

8. The Plaintiff, Citibank, was the holder by assignment of a first mortgage given by John P. Phelan and Wendy M. Phelan to Chase Manhattan Bank USA, N.A., dated April 11. 2003 and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 29719 at Page 50, securing the real estate located at 812 W. Shore Drive, Winchendon, MA 01475 ("the property").

2

9. On October 22, 2004, Citibank foreclosed on the mortgaged property by public auction.

10. The mortgaged property was sold to a third party for $270,000.00.

11. After satisfaction of the indebtedness to the Plaintiff, including costs of foreclosure and sale, accrued interest and late charges in the aggregate sum of $249,610.50, there is surplus now held by the Plaintiff in the amount of $20,389.50. See Exhibit "A" attached hereto.

12. The following persons and entities appear of record to be all of the persons or entities having an interest in said funds held by Citibank, to wit:

    (a) The Defendant, John P. Phelan, is the former holder of the equity of redemption and holder of a declaration of homestead.

    (b) The Defendant, Wendy M. Phelan, is the former holder of the equity of redemption.

    (c) The Defendant, David La Brie, is the holder of an Execution dated May 26, 2004 and recorded June 4, 2004 in the Worcester County Registry of Deeds in Book 33801 at Page 77 in the original amount of $12,907.77.

    (d) The Defendant, The United States of America, is the holder of a federal tax lien dated August 12, 2004 and recorded August 18, 2004 in the Worcester County Registry of Deeds in Book 34400 at Page 307 in the original amount of $56,978.09.

    (e) The Defendant, O'Callaghan Construction Company, is the holder of an Execution dated August 16, 2004 and recorded August 20,

3

2004 in the Worcester County Registry of Deeds in Book 34426 at Page 281 in the original amount of $8,726.84.

(f)     The Defendant, The Massachusetts Department of Revenue, is the holder of a state tax lien dated October 4, 2004 and recorded October 5, 2004 in the Worcester County Registry of Deeds in Book 34774 at Page 366 in the original amount of $13,652.77.

## COUNT ONE

## (DECLARATORY JUDGMENT)

13.   Citibank repeats and alleges Paragraph 1 through 12 and incorporates herein by reference.

14.   Citibank believes that it runs a risk that adverse claims to the surplus proceeds may be made by Defendants in this action.

15.   Citibank is unaware of the respective rights of the Defendants and is unable to determine to whom the funds are justly due and payable.

16.   Citibank's only claim in interest in the surplus proceeds is to have the costs and expenses that are associated with this action paid from the surplus proceeds. Citibank has at all times been willing to pay the surplus to such entities or persons as should lawfully be entitled to received the same and to whom Citibank could safely and without hazard to itself pay the same and Citibank hereby offers to transfer the surplus to this Court at such time and under such conditions as the Court may Order and Direct.

**WHEREFORE,** the Plaintiff, Citibank, N.A., as Trustee, prays that:

1. The said Defendants be ordered to appear and present their claims, if any, to the surplus funds;

2. That the Plaintiff be allowed its costs, expenses and attorney's fees in this Interpleader Action;

3. That the Plaintiff be permitted to pay all surplus funds held by it in the amount of $20,389.50, less its fees and costs incurred in this Interpleader Action, into this Court;

4. That the rights of the Defendants herein named be determined by this Court as to the surplus funds paid into the Court;

5. That this action be discontinued and dismissed as to the Plaintiff, it being merely a stakeholder and having no interest in said funds; and

6. For such other and further relief as this Court deems just and proper.

CITIBANK, N.A., AS TRUSTEE,
By its Attorneys,

Raymond C. Pelote
BBO#: 655475
David M. Rosen
BBO#: 552866
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
MAILING ADDRESS:
P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

January 27, 2005

A true copy by photostatic process
Attest:
   Asst. Clerk

5

## EXHIBIT "A"

SUCCESSFUL BID:                     $ 270,000.00

<u>PAYMENT TO PRINCIPAL:</u>          <u>$ 249,610.50</u>

SURPLUS FUNDS:                       $ 20,389.50

A true copy by photostatic process
Attest:
    Asst. Clerk

I hereby certify on _3/11/05_ that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☒ original filed in my office on _3/11/05_
    Sarah A. Thornton
    Clerk, U.S. District Court
    District of Massachusetts
By: _Kathleen Hassett_
Deputy Clerk

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

WORCESTER, ss.

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | Superior Court Department |
| ) | Civil Action No. 05-0197-B |
| v. ) | |
| ) | |
| JOHN P. PHELAN, WENDY M. PHELAN, ) | |
| DAVID LABRIE, THE UNITED STATES ) | |
| OF AMERICA, O'CALLAGHAN ) | |
| CONSTRUCTION CO., AND THE ) | |
| COMMONWEALTH OF MASSACHUSETTS ) | |
| DEPARTMENT OF REVENUE, ) | |
| ) | |
| Defendants. ) | |

NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, on March __11__, 2005, a Notice of Removal of the

above-titled action was filed with the Clerk of the United States District Court for the District of

Massachusetts. The new civil action number is __05-40045-FDS__. The Notice was filed by

the United States of America.

PLEASE TAKE FURTHER NOTICE that, as provided by 28 U.S.C. § 1446(d), the

Suffolk County Superior Court "shall proceed no further unless and until the case is

remanded."

A true copy by photostatic process
Attest:
Asst. Clerk